ORIGINAL

1  Elwood Lui (SBN 45538)
   elui@jonesday.com
2  Thomas A. Rector (SBN 199175)
   tarector@jonesday.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA 94104
   Telephone:   (415) 626-3939
5  Facsimile:   (415) 875-5700

6  Hugh Whiting
   hrwhiting@jonesday.com
7  (pro hac vice application to be filed)
   JONES DAY
8  717 Texas, Suite 3300
   Houston, TX 77002
9  Telephone:   (832) 239-3939
   Facsimile:   (832) 239-3600
10

11 Thomas E. Fennell
   tefennell@jonesday.com
12 (pro hac vice application to be filed)
   Michael L. Rice
13 mlrice@jonesday.com
   (pro hac vice application to be filed)
14 JONES DAY
   2727 N. Harwood St.
15 Dallas, TX 75201
   Telephone:   (214) 220-3939
16 Facsimile:   (214) 969-5100

17 Attorneys for Defendants
   MATTEL, INC. AND FISHER-PRICE, INC.
18

ORIGINAL FILED
OCT – 4 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MJJ

C 07 5110

19                    **UNITED STATES DISTRICT COURT**
20                    **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 20  AMY HARRINGTON, on behalf of herself and<br>21  all others similarly situated, | |
| 22              Plaintiff, | Case No. _____ |
| 23         v. | |
| 24  MATTEL, INC. a Delaware Corp., and<br>    FISHER-PRICE INC. a Delaware Corp., and<br>25  DOES 1 through 100, inclusive, | **MATTEL, INC.'S AND FISHER-PRICE, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION** |
| 26              Defendants. | |

27
28

HUI-89002v4

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332 and 1453, Defendants Mattel, Inc. ("Mattel") and Fisher-Price Inc. ("Fisher-Price") hereby remove the above-entitled action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California.

In support of their notice of removal, Mattel and Fisher-Price state to the Court as follows:

1. Plaintiff Amy Harrington ("Plaintiff") commenced this action by filing a complaint ("Complaint") naming Mattel and Fisher-Price as defendants in the Superior Court of the State of California for the County of San Francisco ("Superior Court"). That action is styled <u>Amy Harrington, on behalf of herself and all others similarly situated v. Mattel Inc. a Delaware Corp. and Fisher-Price Inc. a Delaware Corp. and Does 1 through 100 inclusive</u>, Case No. CGC-07-466376. Plaintiff seeks a variety of relief including restitution, damages, punitive damages, and declaratory and injunctive relief allegedly related to the marketing, distribution, and sale of toys recalled by Mattel and Fisher-Price. (*See* Complaint, ¶¶ 41 – 59).

2. Plaintiff filed the Complaint on August 20, 2007, but Plaintiff did not serve either Mattel or Fisher-Price. On September 4, 2007, Mattel received Plaintiff's "Application for Approval of Complex Litigation Designation" to which a copy of the Complaint was attached. On September 11, 2007, Plaintiff served Mattel and Fisher-Price with the Summons of Service and Complaint. A copy of all items on file with the Superior Court as of the date of this Notice of Removal is attached as Exhibit 1. Thus, this Notice of Removal is timely filed within 30 days of service. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

3. This case is removable pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2 ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453.

4. Plaintiff brings this action under California Code of Civil Procedure Section 382. (Complaint, ¶ 34). The removed action qualifies as a "class action" as defined by 28 U.S.C. §§ 1332(d) and 1453 because it is a "civil action filed under rule 23 of the Federal Rules of Civil

Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a).

5. CAFA grants federal district courts original jurisdiction over putative class actions where the number of proposed plaintiff class members totals 100 or more; any putative class member is a citizen of a State different from any defendant; and the aggregated claims of all the individual class members exceeds the sum or value of $ 5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2); (d)(5); and (d)(6).

6. The 100 or more putative class membership requirement is evident on the face of Plaintiff's Complaint. Plaintiff seeks to represent a putative class consisting of "[a]ll persons, sole proprietorships, partnerships, corporations and other entities in the State of California who purchased toys from any of the Defendants or their subsidiaries at any time during the period from January 1, 2003 to the present (the 'Class Period')." (Complaint, ¶ 34). Plaintiff specifically alleges that (i) the "toys" include all of the toys that were subject to the August 2, 2007 recall; and (ii) "[d]efendants distributed approximately one million of the toys containing lead paint." (See Complaint, ¶¶ 4, 25). Of the "approximately one million" toys Plaintiff puts at issue, more than 29,000 were in the hands of consumers in California. (See Exhibit 2, Declaration of Scott Penny). In light of Plaintiff's Complaint, allegations, and the number of "toys" Plaintiff puts at issue, there can be no question that the alleged claim includes at least 100 members.

7. The "minimal diversity" required under CAFA is present. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("under CAFA, complete diversity is not required; 'minimal diversity' suffices.") (citations omitted). Plaintiff seeks to represent a class of consisting of "all persons . . . and other entities in the State of California who purchased toys from any of the Defendants[.]" (Complaint, ¶ 34). Mattel is a Delaware corporation with a principal place of business in California. Fisher-Price is a Delaware corporation with a principal place of business in New York. Thus, the minimal diversity required under CAFA jurisdiction is satisfied. *See Kearns v. Ford Motor Co.*, 2005 U.S. Dist. LEXIS 41614, at *19 (C.D. Cal. Nov. 21, 2005)

1  (where plaintiff is citizen of California but one corporate defendant is citizen of another state, minimal diversity of citizenship is established).

8. "[A] matter [is] subject to federal jurisdiction under [28 USC § 1332(d)(6)] if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant and regardless of the relief sought (e.g. damages, injunctive relief or declaratory relief)." S. Comm. on the Judiciary, Class Action Fairness Act of 2005, S. REP. 109-14 (2005), *42, 2005 U.S.C.C.A.N. 3, **40; *see also Ripee v. Boston Market Corp.*, 408 F. Supp.2d 982, 984 (S.D. Cal. 2005) (citing to S. Comm. Report). The "ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Muniz Pilot Travel Center*, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007); *see also Levine v. Bic USA, Inc.*, 2007 WL 2406897, at *2 (S.D. Cal. Aug. 20, 2007).

9. CAFA expressly requires that the claims of individual members must be aggregated to determine the amount in controversy. *Davis v. Chase Bank U.S.A., N.A.*, 453 F. Supp. 2d 1205, 1207 (C.D. Cal. 2006) (citation omitted). Further, "[t]he district court should interpret[] expansively its power to aggregate individual class members' claims, and, where the court is in doubt whether the aggregated claims exceed $ 5 million, the court should err in favor of exercising jurisdiction over the case." *Romeo v. The Home Depot U.S.A., Inc.*, 2006 U.S. Dist. LEXIS 79881, at * 4-5 (S.D. Cal. Oct. 30, 2006) (citation and quotations omitted).

10. Here, Plaintiff makes no attempt in her Complaint to limit the aggregate amount of damages and other relief sought on behalf of the class. The only allegation is limited specifically to Plaintiff and one other putative class member. Thus, Plaintiff claims only that the "total amount in controversy as to Plaintiff and at least one individual Class member alleged herein does not exceed seventy-five thousand dollars ($75,000.00), including interests and costs." (Complaint, ¶ 3). But this allegation is not sufficient to avoid jurisdiction under CAFA. To avoid CAFA jurisdiction, Plaintiff must specifically allege that the total aggregate amount in controversy is less than $ 5 million. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). Moreover, because Plaintiff does not include in her Complaint specific allegations limiting the aggregate amount in controversy, the "legal certainty" standard to establishing

jurisdiction espoused in *Lowdermilk* is not applicable here. *See Levine*, 2007 WL 2406897, at *4 (defendant not required to prove amount in controversy with legal certainty when plaintiff pleaded amount in controversy "does not exceed" $ 74,999.99 as to plaintiff or any other class member).

11. Plaintiff's various prayers for relief, if granted, would impose costs on Mattel and Fisher-Price in excess of the sum or value of $ 5,000,000. Plaintiff makes multiple demands for relief including the following allegations: "Plaintiff and the other Plaintiff Class members suffered actual damages as a result of Defendants' deceptive, unlawful and unfair trade practices. Specifically, . . . Plaintiff and the other Plaintiff Class members suffered monetary losses, i.e., the purchase price and lack of use of the products . . . and further can be expected to suffer in the future the cost of medical monitoring necessitated by the exposure of their children to the lead paint in Defendants' products. By reason of the foregoing, Defendants and other members of the Defendant Class are liable to Plaintiff and to the Plaintiff Class members in an amount to be proved at trial, including, but not limited to, punitive damages or other penalties as may be appropriate under applicable law." (Complaint, ¶¶ 52, 53). Thus, Plaintiff not only seeks damages reflecting "the cost of the defective product," but also prays for the defendants to be held liable for "the future cost of medical monitoring" for the class. Plaintiff also expressly demands an award of punitive damages on top of these claims. (*See* Complaint, ¶¶ 53, 58).

12. Plaintiff makes no specific allegations regarding the range or scope of damages and other relief she seeks. "Plaintiff is the master of her claims, and if she wanted to avoid removal she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought." *Muniz Pilot Travel Center*, 2007 WL 1302504, at *4 (quotation and citation omitted).

13. While the Defendants are not at this time able to precisely quantify Plaintiff's various demands for relief, it is possible to make reasonable estimates. To begin with, approximately 29,000 toys are in the hands of consumers[1] for whom Plaintiff seeks the cost of

---

[1] The recall extended to "toys" that were at the time in the hands of either consumers or retailers who had purchased the toys from Fisher-Price and/or Mattel but had not sold them to consumers. All purchasers are included in Plaintiff's alleged class definition.

medical monitoring. If those medical monitoring costs are only $250 per person, the total amount in controversy is in excess of $7 million (29,000 * $250 = $7,250,000). Thus, Plaintiff's claim for payment of "the future cost of medical monitoring" by itself satisfies the amount in controversy requirement. *See Sanchez v. Wal-Mart, Inc.*, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) (slip copy) ("assuming that 250,000 strollers were sold in California for $20 each, the court concludes that defendants have established by a preponderance of the evidence that compensatory damages likely would exceed $5,000,000."); *see also Kearns*, 2005 WL 3967998, at *5 (multiplying plaintiff's demand for reimbursement by the number of vehicles sold during class period meets CAFA amount in controversy threshold); *see also Levine*, 2007 WL 2406897, at *2 ("The court does not consider the amount of damages that may ultimately be recovered. Rather, the court accepts as true plaintiff's allegations as pled in the complaint and assumes plaintiff will prove liability and recover the damages alleged."); *see also Robinson v. Cheetah Transp.*, 2006 U.S. Dist. LEXIS 10129, at *6 (W.D. La. Feb. 24, 2006) (finding amount in controversy satisfied and denying motion to remand; "[a]lthough the Court, when considering a motion to remand, is obligated to construe any ambiguities against removal . . . it cannot ignore the plain facts of a case and the inferences that follow therefrom.").

14. But Plaintiff's other pleas for relief are also properly included in assessing the amount of controversy. Thus, while Plaintiff requests a "declaration that Defendants have engaged in unlawful, unfair, and deceptive business practices" (*see* Plaintiff's Prayer for Relief), "a declaration that a defendant's conduct is unlawful or fraudulent will carry certain consequences, such as the need to cease and desist from that conduct, that will often 'cost' the defendant in excess of $5,000,000." S. Comm. on the Judiciary, Class Action Fairness Act of 2005, S. REP. 109-14 (2005), *43, 2005 U.S.C.C.A.N. 3, **41. Plaintiff's other requests, including the cost of the injunctive relief as assessed from the Defendants' viewpoint, as well as Plaintiff's request for punitive damages and attorney fees, are also properly included in the assessment of the amount in controversy. *See Yeroushalmi v. Blockbuster Inc.*, 2005 U.S. Dist. LEXIS 39331, at *16 (S.D. Cal. July 11, 2005); *see also Muniz Pilot Travel Center*, 2007 WL 1302504, at *4.

15. Accordingly, this Court has diversity jurisdiction under CAFA.

16. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon Mattel and Fisher-Price in state court, as well as all other papers filed within state court are included with this Notice of Removal and attached as Exhibit 1.

17. Pursuant to 28 U.S.C. § 1446(b), a copy of this Notice of Removal, as well as a separate Notice of Removal to the Superior Court, is being served on Plaintiff's counsel and filed with the Superior Court.

18. Mattel and Fisher-Price reserve the right to amend or supplement this Notice of Removal.

19. Mattel and Fisher-Price reserve all defenses, and the filing of this Notice of Removal is subject to, and without waiver of, any available defenses.

20. Mattel and Fisher-Price request a trial by jury on all issues so triable.

WHEREFORE, Mattel and Fisher-Price provide Notice of Removal of the above action pending in the Superior Court of the State of California, in and for the County of San Francisco, to the United States District Court for the Northern District of California, and Mattel and Fisher-Price respectfully request that this case proceed before this Court as an action properly removed.

Dated: October 3, 2007

Respectfully submitted,
JONES DAY

By: _____
Thomas A. Rector

Attorney for Defendants
Mattel, Inc. and Fisher-Price, Inc.