**Exhibit 1**

CGC-07-466376

Page 1 of 1

## Superior Court of California, County of San Francisco
Case Number: CGC-07-466376
Title: AMY HARRINGTON VS. MATTEL INC. A DELAWARE CORP. et al
Cause of Action: CONTRACT/WARRANTY
Generated: Oct-02-2007 9:42 am PST
Register of Actions   Parties   Attorneys   Calendar   Payments   Documents

# Register of Actions

Date Range: First Date [Aug-20-2007]   Last Date [Oct-02-2007]   (Dates must be entered as MMM-DD-YYYY)

[Descending Date Sequence ▼]   [ALL FILING TYPES ▼]   [Submit]

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| SEP-27-2007 | SINGLE ASSIGNMENT TO JUDGE JOHN E. MUNTER FOR ALL PURPOSES. CASE MANAGEMENT CONFERENCE SET FOR OCT-24-2007 AT 1:30 PM IN DEPT. 305. JAN-25-2008 CASE MANAGEMENT CONFERENCE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| SEP-13-2007 | SUMMONS ON COMPLAINT, PROOF OF SERVICE ONLY, FILED BY PLAINTIFF HARRINGTON, AMY ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED SERVED SEP-11-2007, PERSONAL SERVICE ON DEFENDANT FISHER-PRICE INC. A DELAWARE CORP | | |
| SEP-13-2007 | SUMMONS ON COMPLAINT, PROOF OF SERVICE ONLY, FILED BY PLAINTIFF HARRINGTON, AMY ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED SERVED SEP-11-2007, PERSONAL SERVICE ON DEFENDANT MATTEL INC. A DELAWARE CORP. | | |
| AUG-30-2007 | APPLICATION FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION FILED BY PLAINTIFF HARRINGTON, AMY ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED | | 40.00 |
| AUG-20-2007 | NOTICE TO PLAINTIFF | | |
| AUG-20-2007 | CONTRACT/WARRANTY, COMPLAINT FILED BY PLAINTIFF HARRINGTON, AMY ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED AS TO DEFENDANT MATTEL INC. A DELAWARE CORP. FISHER-PRICE INC. A DELAWARE CORP DOES 1-100 INCLUSIVE SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR JAN-25-2008 PROOF OF SERVICE DUE ON OCT-19-2007 CASE MANAGEMENT STATEMENT DUE ON JAN-10-2008 COMPLEX LITIGATION ASSIGNMENT REQUESTED BY FILING PARTIES. FEE INCLUDED IN FILING FEE | View / View | 885.00 |



1  JULIO RAMOS (No. 189944)
   ATTORNEY AT LAW
2  35 Grove Street, Suite 103
   San Francisco, California 94102
3  Telephone:    (415) 948-3015
   Facsimile:    (415) 469-9787

   Attorney for Plaintiff

**F I L E D**

San Francisco County Superior Court

AUG 2 0 2007

GORDON PARK-LI, Clerk
BY: _Deborah Steppe_
DEBORAH STEPPE, Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

JAN 2 5 2008  -9ᴬᴹ AM

DEPARTMENT 212

SUMMONS ISSUED

IMAGED
AUG 2 0 2007

5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              CITY AND COUNTY OF SAN FRANCISCO

10                      UNLIMITED JURISDICTION

11  AMY HARRINGTON, on behalf of herself    )   Case No.  **CGC-07-466376**
    and all others similarly situated,      )
12                                          )
            Plaintiff,                      )   **CLASS ACTION COMPLAINT**
13                                          )
        vs.                                 )   **DEMAND FOR JURY TRIAL**
14  MATTEL INC. a Delaware Corp. and        )
    FISHER-PRICE INC. a Delaware Corp. and  )
15  DOES 1 through 100 inclusive,           )
                                            )
16          Defendants.                     )
                                            )
17                                          )
                                            )
18                                          )
                                            )
19                                          )
                                            )
20                                          )
                                            )
21  ─────────────────────────────────────  )

22          Plaintiff Amy Harrington (hereinafter "Plaintiff") is a mother of two children

23  exposed to hazardous toys , on behalf of herself and as representative of a class of similarly

24  situated consumers of Fisher-Price and Mattel Toys, she brings this Complaint to protect the

25  public from unfair, unlawful and/or fraudulent business practices, against the above-named

26  defendants (collectively, "Defendants"), and upon personal knowledge as to her own actions,

27  and upon information and belief with respect to all other allegations, alleges as follows:

28

**CLASS ACTION COMPLAINT**

**JURISDICTION AND VENUE.**

1. This class action for violation of California's Health and Safety Code and Breach of Implied Warranty is brought under California Business and Professions Code Section 17200 et. seq. to recover restitution, damages and equitable relief due to violations by the Defendants and their co-conspirators, as alleged herein.

2. Venue as to the Defendants is proper in this judicial district pursuant to the provisions of section 17203 of the California Business and Professions Code, and Section 395(a) and 395.5 of the California Code of Civil Procedure. Each Defendant maintains an office, transacts business, has an agent, or is found in the City and County of San Francisco. Each Defendant is within the jurisdiction of the Court for purposes of service of process, and many of the unfair, unlawful and/or fraudulent acts committed and pursuant to the actions hereinafter alleged had a direct effect on purchasers of toys within the State of California and, more particularly, within the City and County of San Francisco. The trade and commerce hereinafter described is carried on, in part, within the State of California and, more particularly within the City and County of San Francisco.

3. The total amount in controversy as to Plaintiff and at least one individual Class member alleged herein does not exceed seventy-five thousand dollars ($75,000.00), including interest and costs. Plaintiff and the Class assert no federal questions and Plaintiff's state law causes of action are not federally pre-empted. Plaintiff's state law causes of action mandate that this case be heard in a State of California forum.

**DEFINITIONS.**

4. The term "toys" as used herein, includes the following products as defined in the United States Consumer Products Safety Commission recall bulletins dated August 2 2007.

5. The term "Class Period," as used herein, refers to the period from January 1, 2003 to the present.

-1-

**CLASS ACTION COMPLAINT**

1    6.   The term "Person," as used herein, refers to any individual, partnership,

2    corporation, association, or other business or legal entity.

3    **THE PARTIES.**

4    7.   Plaintiff Amy Harrington is an individual who is the mother of two

5    daughter's ages 11 months and 4 years of age.  During the Class Period, Plaintiff bought and

6    used toys brands from one or more of the named Defendants and/or their subsidiaries,

7    affiliates, and/or co-conspirators, and has been injured by reason of the unfair, unlawful,

8    and/or fraudulent business practices alleged in this Complaint.

9    8.   Plaintiff Amy Harrington is and has been a resident of San Francisco

10   California during the relevant period. Specifically, Plaintiff purchased and owns several of the

11   products that have been subject to recall.  Plaintiff allowed her child to play with said

12   products with no knowledge or expectations that Fisher-Price Toys were painted with a

13   hazardous substance and seriously harmful to her children's health.

14   9.   Plaintiff was deceived because Defendants did not disclose the toys were

15   unsafe, inherently dangerous and had they truthfully disclosed that the products were covered

16   in lead paint. Plaintiff would not have purchased nor allowed her children to play with the toy

17   products had she known her young daughters would be exposed to lead paint. Plaintiff

18   believes that Defendants should be responsible for refunding to her the costs and taxes of the

19   Fisher-Price Toys, as well as paying for medical testing for lead poisoning, and the

20   Defendants should likewise be held to account to other members of the Plaintiff Class.

21   10. Defendant Fisher-Price is a Delaware Corporation doing business in the

22   State of California.  Fisher-Price sells its products through chain retailers, specialty retailers,

23   wholesalers, and original equipment manufacturer dealers, as well as directly to consumers

24   and is a wholly owned subsidiary of Mattel, Inc.

25   11. Defendant Mattel, Inc. wholly owns and operates Defendant Fisher-Price.

26   Mattel is the self-proclaimed worldwide leader in the design, manufacture and marketing of

27   toys and family products. Mattel sells its products through chain retailers, specialty retailers,

28

-2-

**CLASS ACTION COMPLAINT**

1  wholesalers, and original equipment manufacturer dealers, as well as directly to consumers. It

2  manufacturers its headquarters are in El Segundo, California.

3          12. Various other persons, firms, and corporations have participated with

4  Defendants in the offenses charged and violations alleged herein and have aided, abetted, and

5  performed acts and made statements in furtherance of unfair, unlawful, and/or fraudulent

6  business practices alleged herein. When and if Plaintiff learns the identity of such co-

7  conspirators, Plaintiff may seek leave to amend this Complaint to add said co-conspirators as

8  defendants.

9          13. The true names and capacities, whether individual, corporate, associate,

10  representative, or otherwise of defendants named herein as DOES 1 through 100 are unknown

11  to Plaintiff at this time, and they are therefore sued by such fictitious names pursuant to Code

12  of Civil Procedure Section 474. Plaintiff will amend this Complaint to allege the true names

13  and capacities of DOES 1 through 100 when Plaintiff knows them. Each of defendants DOES

14  1 through 100 is in some manner legally responsible for the violations of law alleged herein.

15                                    **FACTS.**

16          14. The acts charged in this Complaint as having been done by the Defendants

17  and their co-conspirators were authorized, ordered, or done by their officers, agents,

18  employees, or representatives, while actively engaged in the management of the Defendants'

19  business or affairs.

20          15. Plaintiff purchased and/or or received from family members recalled

21  products during the period of April 2007 through June 2007. She often witnessed her children

22  lick, bite, chew and kiss the toy products that are the subject of the recall.

23          16. Defendants Fisher-Price and Mattel placed the toy products into the stream

24  of commerce in California despite government restrictions on the use of lead paint on toys,

25  they know that the ingestion of lead paint by children is more dangerous to children than

26  adults because it can harm the developing brain, causing reduced IQ, learning disabilities and

27  behavioral problems, among other things.

28

-3-

**CLASS ACTION COMPLAINT**

1    17. On August 2, 2007, the U.S. Consumer Product Safety Commission

2  ("CPSC") announced a voluntary recall of various Fisher-Price and Mattel branded products.

3  Defendants have not offered to reimburse Plaintiff or other members of the Plaintiff Class for

4  the costs of the recalled toy products. Defendants' offer is inadequate and fails to compensate

5  Plaintiff and other members of the Plaintiff Class for their damages or make them whole. The

6  CPSC Press Release is attached hereto as Exhibit A.

7    18. The products at issue are not fit for ordinary use and are of no value to

8  consumers. Consumers purchasing them, including Plaintiff, did not receive the benefit of

9  their bargain.

10    19. Upon information and belief the recalled toys are manufactured in the

11  Peoples Republic of China and then exported to the United States.

12    20. Defendants had failed to warn that their recalled toy products contained

13  lead based paint.

14    21. As a result of Defendants' negligent and reckless and/or intentional

15  conduct, Plaintiff's children and the children of members of the Plaintiff Class have been

16  exposed to a known hazardous substance in the form of lead paint. As a result of such

17  exposure, the children are at an increased risk of being poisoned by lead. Early detection of

18  lead poisoning, through medical testing, is made necessary and advisable by the Defendants'

19  manufacturing, marketing, and sale of the Fisher-Price Toys painted with lead pigment.

20    22. Accordingly, Plaintiff brings this action to recover the actual and

21  compensatory damages for herself and the Class, as well as to recover the costs of diagnostic

22  testing necessary to detect lead poisoning for their children resulting from Defendants and the

23  other members of the Defendant Class's actions.

24    23. Defendants' marketing campaign for Fisher-Price Toys is built around

25  assuring parents that its toys are safe for children. Said marketing campaign is shared and

26  likewise made by other members of the Defendant Class.

27

28

-4-

**CLASS ACTION COMPLAINT**

1    24. Plaintiff and other members of the Plaintiff Class were deceived by

2  Defendants' material omissions and failure to state that the toys were coated with lead paint,

3  and purchased the Fisher-Price Toys believing that the toys were safe for their children to play

4  with as children normally do, including with the expectation that their toddlers would place

5  the toys in their mouths while playing.

6    25. Despite their clear representations that the Fisher-Price Toys were safe for

7  children, Defendants distributed Fisher-Price Toys manufactured in China, which contain lead

8  paint. The Fisher-Price Toys and those of the other members of the Defendant Class

9  included dolls, figurines, vehicles, buildings, instruments, and other types of toys sold at

10  various retailers throughout the United States between April 2007 and the present for Fisher-

11  Price and at other unknown times for the other members of the Defendant Class. Defendants

12  distributed approximately one million of the toys containing lead paint.

13  **DEFENDANTS AND THE OTHER MEMBERS OF THE DEFENDANT CLASS**

14  **KNEW OR SHOULD**

15  **HAVE KNOWN OF THE DANGERS OF LEAD PAINT ON CHILDREN'S TOYS**

16    26. For these reasons, the Consumer Product Safety Commission ("CPSC) has

17  declared that "[t]oys and other articles intended for use by children that bear 'lead-containing

18  paint'" are "banned hazardous products."

19    27. Consequently, Defendants knew or should have known that manufacturing

20  and distributing Fisher-Price Toys and toys coated with paint containing any amount of lead

21  was dangerous to children and such toys were not safe as Defendants and other members of

22  the Defendant Class represented them to be.

23    28. On August 2, 2007, the U.S. Consumer Product Safety Commission

24  ("CPSC") announced a voluntary recall of the Fisher-Price Toys.

25    29. Fisher-Price, has announced in its internet recall notice that "Paint on

26  affected products contains lead in excess of permissible levels. Lead is toxic if ingested and

27  can cause adverse health effects. Please remove these toys from the hands of children,

28  _____

-5-

CLASS ACTION COMPLAINT

1  immediately, and use this guide to determine if they are affected by this recall. Full color

2  images of every product are included on subsequent pages. Use these images as a guide to

3  identify the products you own, then locate the date code on each product and compare with

4  the affected range of date codes. Enter this data on the final two pages of this brochure and

5  return to us".

6          30. As part of the recall, Defendants Fisher-Price and Mattel have offered

7  purchasers of these dangerous toys the ability to obtain a voucher for further Fisher-Price

8  products.

9          31. Defendants Fisher-Price and Mattel have also recommended that children

10  exposed to the lead paint tainted toys should be taken in for lead poisoning testing.

11          32. Moreover, as a result of Defendants negligent and reckless conduct,

12  Plaintiff's children and children of members of the Plaintiff Class have been exposed to a

13  known hazardous substance. As a result of such exposure, children are at an increased risk of

14  being poisoned by lead. Accordingly, Plaintiff also seeks to recover the costs of diagnostic

15  testing necessary to detect lead poisoning to their children resulting from Defendants and the

16  Defendant Class's actions.

17          33. Many of Defendant's products which are the subject of the recall involve

18  the Dora the Explorer line, a product that is targeted to Spanish speaking children.  Plaintiff

19  owns a Dora Talking Pony Palace toy, product number J9692 and which has been identified

20  by the Defendants as subject to the recall.

21                  **CLASS ACTION ALLEGATIONS.**

22          34. Plaintiff brings this action under California Code of Civil Procedure

23  Section 382, on behalf of herself and as representative of a class consisting of:

24          **All persons, sole proprietorships, partnerships, corporations
            and other entities in the State of California who purchased**
25          **toys from any of the Defendants or their subsidiaries at any
            time during the period from January 1, 2003 to the present**
26          **(the "Class Period"). Excluded from the Class are
            governmental entities, any judge, justice or judicial officer**
27          **presiding over this matter and the members of his or her
            immediate family, the Defendants, along with their**
28  _____

**CLASS ACTION COMPLAINT**                                   -6-

1   respective parents, subsidiaries and/or affiliates.  Also
    excluded from this class are the legal representatives, heirs,
2   successors and attorneys of any excluded person or entity,
    and any person acting on behalf of any excluded person or
3   entity.

4       35. Plaintiff does not know the exact size of the class; however, Plaintiff

5   believes that the number of class members is so numerous that joinder is impracticable.

6       36. Numerous questions of law and fact are common to the class, including but

7   not limited to the following:

8         a.    whether Defendants acted intentionally or negligently in allowing its

9           recalled toys to be sold in violation of California law;

10        b.    whether Defendants acted intentionally or negligently in allowing its

11          recalled toys in an unfair, unlawful and/or fraudulent manner;

12        c.    whether the Defendants conspired to sell toys without the proper

13          regulatory approvals in the State of California;

14        d.    whether the products are inherently dangerous;

15        e.    whether Defendants should pay for the costs of lead testing:

16        a.    whether the Defendants' conduct caused injury to the Plaintiff and the

17          members of the class and, if so, the appropriate class-wide measure of

18          damages;

19        b.    the operative time period of the contract, combination, and common

20          course of conduct;

21        c.    the nature and extent of class-wide injury and the measure of damages

22          for that injury;

23        d.    whether the class is entitled to restitution; and

24        e.    whether the Defendants actively took steps to conceal their actions.

25      37. These and other questions of law and fact predominate over any questions

26  affecting only individual members of the class.

27

28

-7-

**CLASS ACTION COMPLAINT**

1   38. The claims of Plaintiff are typical of the claims of the class in that Plaintiff

2   was a purchaser and recipient of toys like all the members of the class.  Indeed, Plaintiff's

3   purchases and use were in all relevant respects typical of purchases by other class members,

4   and the monetary damages and injunctive relief sought is common to the class.

5   39. Plaintiff will fairly and adequately protect the interest of the class in that

6   Plaintiff is a typical purchaser and user of Defendant's products, has no conflicts with any

7   other members of the class, and is represented by experienced and able counsel.  The

8   Plaintiff's interests are coincident with, and not antagonistic to, those of the class members.

9   40. The questions of law and fact common to the members of the class

10  predominate over any questions affecting only individual members of the class.  Class action

11  treatment is superior to the alternatives, if any, for the fair and efficient adjudication of this

12  controversy.  Among other things, there is no interest by members of the class in individually

13  controlling the prosecution of separate actions, and it is desirable to concentrate the litigation

14  of the claims made herein in a single proceeding to provide small claimants with a forum in

15  which to seek redress for these violations of California law.  Whatever difficulties may exist

16  in the management of the class action will be greatly outweighed by the benefits of the class

17  action procedure, including, but not limited to, providing claimants with a method for redress

18  of claims that may otherwise burden the Court with individual litigation.

19  <u>**CAUSES OF ACTION.**</u>

20  **Violation of California Business & Professions Code § 17200 <u>et</u>. <u>seq</u>.**
    **[The Unfair Competition Act]**
21  **(Against All Defendants)**

22

23  41. Plaintiff re-alleges paragraphs 1 through 40 as if fully set forth herein.

24  42. Section 17200 of the California Business & Professions Code prohibits

25  unfair competition by prohibiting any "unlawful, unfair or fraudulent business acts or practice

26  ..."

27

28
    -8-
    ─────────────────────────────────────────
    **CLASS ACTION COMPLAINT**

43. Plaintiff and similarly situated members of the public have been injured as a direct and proximate result of Defendant's unfair, unlawful, and/or fraudulent business practices as alleged above, and these proceedings are instituted pursuant to section 17203 and 17204 of the California Business and Professions Code, to obtain relief from Defendants' business acts and practices that violate the Unfair Competition Act.

44. The Defendants' conduct as alleged herein violates the Unfair Competition Act. The business acts and practices of defendants constituted and constitutes a common continuous and continuing course of conduct of unfair competition by means of unfair, unlawful and/or fraudulent business acts or practices within the meaning of the Unfair Competition Act including, but in no way limited to, the following:

    a.    Defendants' business acts and practices are unfair, unlawful, and/or fraudulent to consumers in the State of California within the meaning of Business and Professions Code section 17200 and within the meaning of California's Health and Safety Code and the common law; and

    b.    Defendants' acts and practices are fraudulent within the meaning of Business and Professions Code section 17200.

    c.    Defendants' business acts and practices, as described above, whether or not in violation of Business and Professions Code section 17200 et. seq. and whether or not the product of concerted action are otherwise unfair, unconscionable, unlawful and/or fraudulent;

    d.    Defendants intentionally or negligently sold toys an unfair, unlawful and/or fraudulent manner.

45. The illegal conduct alleged herein is continuing and there is no indication that Defendants will not continue such activity into the future.

46. The business acts and practices of Defendants, as alleged herein, constituted and constitute a common continuous and continuing plan and scheme to deceive

-9-

**CLASS ACTION COMPLAINT**

1    the public by means of unfair, unlawful and/or fraudulent business practices affecting the

2    trade or commerce in toy products in violation of California Business & Professions Code,

3    Section 17200, et. seq., and in violation of California's Health and Safety Code and the

4    common law.

5             47. Defendants' acts, omissions, misrepresentations, practices, and non-

6    disclosures, as alleged herein, constituted and constitute unfair, unlawful and/or fraudulent

7    business practices within the meaning of California Business & Professions Code, Section

8    17200 et. seq., and within the meaning of California Health and Safety Code.

9             48. Plaintiff and the members of the Class are entitled to relief, including full

10   restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits

11   which may have been obtained by Defendants as a result of such business acts or practices

12   and enjoining defendants to ease an desist from engaging in the practices described herein.

13            49. To prevent unjust enrichment pursuant to the California Business and

14   Professions Code, Defendant should be required to place all disgorged illegal gains and

15   profits in a constructive trust to be established by the court for the purpose of making full

16   restitution to all injured parties.

17            50. Plaintiff and other members of the Class were deceived by Defendants'

18   failure to disclose the dangers of its products that contained unhealthy levels of lead paint.

19   Defendants and other members of the Defendant Class would not have been able to sell their

20   dangerous products had they properly disclosed the fact that the products contained lead paint.

21            51. Plaintiff and other members of the Plaintiff Class would not have

22   purchased the concerned products if Defendants and other members of the Defendant Class

23   had disclosed the dangers of their products, including that such products contained toxic

24   levels of lead paint.

25            52. Plaintiff and the other Plaintiff Class members suffered actual damages as a

26   result of Defendants' deceptive, unlawful and unfair trade practices. Specifically, as a result

27   of Defendants and other members of the Defendant Class's deceptive and unfair trade

28

-10-

**CLASS ACTION COMPLAINT**

1  practices, Plaintiff and the other Plaintiff Class members suffered monetary losses, i.e., the

2  purchase price and lack of use of the products, which themselves are unfit for their intended

3  purpose, and further can be expected to suffer in the future the cost of medical monitoring

4  necessitated by the exposure of their children to the lead paint in Defendants' products.

5         53. By reason of the foregoing, Defendants and other members of the

6  Defendant Class are liable to Plaintiff and to the Plaintiff Class members in an amount to be

7  proved at trial, including, but not limited to, punitive damages or other penalties as may be

8  appropriate under applicable law.

9                  **(Breach of Implied Warranty)**

10                  **(Against All Defendants)**

11         54. Plaintiff re-alleges paragraphs 1 through 53 as if fully set forth herein.

12         55. Defendants and other members of the Defendant Class, in the manufacture,

13  production, and sale of the products impliedly warranted to Plaintiff and other members of the

14  Plaintiff Class that the products were fit for their ordinary purpose, as toys for children and,

15  particularly Spanish speaking children

16         56. Defendants breached the implied warranty of merchantability by selling

17  children's toys that are dangerous to children and cannot safely be used for their ordinary

18  purpose in violation of California Civil Code § 1790 et. seq.

19         57. The Fisher-Price Toys were in fact unmerchantable because they could not

20  safely be used for their ordinary and intended purpose.

21         58. Defendants knew or should have known that the products did not meet the

22  capabilities as represented and marketed. Before commencing this action, Plaintiff, through

23  counsel, gave notice of the breach of warranty for all transactions involving the sale of Fisher-

24  Price Toys painted with lead paint. Plaintiff and members of the Plaintiff Class have been and

25  will be damaged and have suffered and will suffer direct economic, including both the cost of

26  the defective product and the future cost of medical monitoring necessitated by the lead paint.

27

28                         -11-

**CLASS ACTION COMPLAINT**

1    59. By reason of the foregoing, Defendants and other members of the

2  Defendant Class are liable to Plaintiff and the members of the Plaintiff Class in an amount to

3  be proved at trial.

4  **PRAYER FOR RELIEF**

5    WHEREFORE, Plaintiff, on behalf of herself and the members of the class,

6  prays for judgment against the Defendants, jointly and severally, as follows:

7    a.  That the Court certify a California Class of purchasers of recalled toys by

8        the Defendants;

9    b.  A declaration that Defendants have engaged in unlawful, unfair, and

10        deceptive business acts and practices in violation of California Business &

11        Professions Code § 17200 *et seq.*, and in violation of California's Health

12        and Safety Code and breach of implied warranty;

13    c.  That Defendants, their agents, servants, and employees, and all persons

14        acting, directly or indirectly, in concert with them, be ordered to restore all

15        funds to each member of the class acquired by means of any act of practice

16        declared by this Court to be unlawful or to constitute unfair competition

17        under Section 17200 *et seq.* of the California Business & Professions Code.

18    d.  That Defendants be ordered to make restitution to Plaintiff and each and

19        every member of the class due to their unfair competition, including

20        disgorgement of their wrongfully obtained revenues, earnings, profits and

21        compensation pursuant to California Business & Professions Code,

22        Sections 17203 and 17204;

23    e.  A preliminary and/or permanent injunction enjoining defendants and their

24        respective successors, agents, servants, officers, directors, employees and

25        all persons acting in concert with them from pursuing the policies, acts, and

26        practices complained or herein and prohibiting Defendants from continuing

27        such unfair and illegal business acts;

28                                               -12-

**CLASS ACTION COMPLAINT**

1    f.   On the Second Cause of Action, Breach of Implied Warranty damages.

2    g.   For pre-judgment and post-judgment interest at the highest legal rate, from

3         and after the date of service of this Complaint;

4    h.   For reasonable attorneys' fees and costs of suit as permitted by law,

5         including but not limited to Cal. Code of Civ. Proc. Section 1021.5;

6    i.   That Defendants acted in a willful and malicious manner and should be

7         ordered to pay punitive damages in an amount to be determined at trial; and

8    j.   For such other and further relief as the Court may deem just and proper.

9

10                           **JURY TRIAL DEMAND**

11       Plaintiff hereby demands a trial by jury for all issues so triable.

12

13   Dated:  August 20, 2007                        Respectfully submitted,

14

15                                           By:  _____

16                                                JULIO J. RAMOS
                                                 ATTORNEY AT LAW
17                                               35 Grove Street, Suite 103
                                                 San Francisco, California 94102
18                                               Telephone:    (415) 948-3015
                                                 Facsimile:    (415) 396-7321
19
                                                 Attorney for Plaintiff
20
                                                 STEVEN NUNEZ
21                                               Law Offices of Steven M. Nunez
                                                 3333 Camino Del Rio Suite 215
22                                               San Diego CA. 92108
                                                 Telephone     (619) 296-8400
23                                               Facsimile:    (619) 296-3700

24

25

26

27

28                                   -13-
─────────────────────────────────────────────
**CLASS ACTION COMPLAINT**

CASE NUMBER: CGC-07-466376  AMY HARRINGTON VS. MATTEL INC. A DELAWARE CORf

## NOTICE TO PLAINTIFF

A Case Management Conference is set foi

| | | |
|---|---|---|
| **DATE:** | JAN-25-2008 | |
| **TIME:** | 9:00AM | |
| **PLACE:** | Department 212 | |
| | 400 McAllister Street | |
| | San Francisco, CA  94102-3680 | |

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

2

# Alternative Dispute Resolution (ADR)
# Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 201.9(c))

## Superior Court of California
## County of San Francisco

ADR-1  1/06 (bc)

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

1)     Judicial arbitration
2)     Mediation
3)     The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

09/11/2007  14:52    2136148632              CT CORP                        PAGE  28/40

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

ADR-1  1/06  (bc)                                                    Page 5

09/11/2007   14:52     2136148632                    CT CORP                         PAGE   29/40



A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-8913

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $200 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 982-1600.

* * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution Coordinator,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

ADR-1  1/06 (bc)

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff | Case No. _____ |
| v. | **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |
| Defendant |  |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ Private Mediation              ☐      Mediation Services of BASF      ☐      Judicial Mediation
☐ Binding arbitration                    Voluntary Early Mediation     Judge _____
☐ Non-binding judicial arbitration                                    Judge _____
☐ BASF Early Settlement Program
☐ Other ADR process (describe) _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

---

Name of Party Stipulating          Name of Party or Attorney Executing Stipulation    Signature of Party or Attorney

☐  Plaintiff     ☐  Defendant     ☐  Cross-defendant           Dated: _____

---

Name of Party Stipulating          Name of Party or Attorney Executing Stipulation    Signature of Party or Attorney

☐  Plaintiff     ☐  Defendant     ☐  Cross-defendant           Dated: _____

---

Name of Party Stipulating          Name of Party or Attorney Executing Stipulation    Signature of Party or Attorney

☐  Plaintiff     ☐  Defendant     ☐  Cross-defendant           Dated: _____

☐  *Additional signature(s) attached*

STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

ADR-2  1/06

09/11/2007  14:52   2136148632          CT CORP                    PAGE  34/40

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
| (Check one):  ☐ UNLIMITED CASE (Amount demanded exceeds $25,000)    ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:              Dept.:         Div.:              Room:

Address of court (if different from the address above):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. Party or parties (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. Service (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):

      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐ have had a default entered against them (specify names):

   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. Description of case
   a. Type of case in ☐ complaint    ☐ cross-complaint    (describe, including causes of action):

09/11/2007  14:52    2136148632                CT CORP                        PAGE   35/40

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial  *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a. ☐  The trial has been set for *(date):*
b. ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐  days *(specify number):*
b. ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
b. ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐  The case has gone to an ADR process *(indicate status):*

| * PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply):*
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify):*

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption):*

11. Settlement conference
   ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

12. Insurance
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. Jurisdiction
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy   ☐ Other *(specify):*
   Status:

14. Related cases, consolidation, and coordination
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate   will be filed by *(name party):*

15. Bifurcation
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. Other motions
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.USCourtForms.com

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

        Party                  Description                Date

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**

Previous case management orders in this case are *(check one):*  ☐ none  ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____    ►    _____
    (TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY)

_____    ►    _____
    (TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

09/11/2007  14:52    2136148632                CT CORP                    PAGE  38/48



# Superior Court of California
## County of San Francisco

## Judicial Mediation Pilot Program

### Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Paul H. Alvarado
The Honorable David L. Ballati
The Honorable Ellen Chaitin
The Honorable John J. Conway
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Curtis E. A. Karnow
The Honorable Patrick J. Mahoney

The Honorable Tomar Mason
The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Charlene Padovani Mitchell
The Honorable A. James Robertson, II
The Honorable James L. Warren

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

8/23/05

09/11/2007  14:52   2135148632            CT CORP                    PAGE   39/40

# SUCCESS STORIES

"The mediator was spectacular and was critical to the resolution of the matter."

*-William Webb Farrer, Esq.*

"We ended up with something we could all live with. The experience was great!"

*-Client*

"The quality of BASF's mediators is superb and has successfully helped settle five of my most difficult / contentious employment cases. I will gladly use the program in the future."

*- Bruce Bernstein, Esq.*

For additional information, as well as forms and rules of procedure, please visit the BASF Web site at www.sfbar.org/adr

If you have questions, please email ADR@sfbar.org or call ADR Services at 415.982.1600

# PROGRAM HIGHLIGHTS

## AN EXCELLENT VALUE

- One hour of preparation and two hours of mediator time at no charge
- Low administrative fee
- Highly-qualified mediators have met strict educational and experience requirements

## MEETS COURT REQUIREMENTS

- Participation meets the San Francisco Superior Court's Alternative Dispute Resolution requirement
- Approved alternative to court mandatory arbitration or early settlement

## WE DO THE WORK

- Mediator assignment, case administration and personal assistance by experienced Bar Association of San Francisco staff

## CHOICE AND FLEXIBILITY

- Parties participate in the mediator selection process
- Mediator biography and rate schedule provided to parties
- Parties participate in setting the mediation session date
- May be utilized before filing in court or at any time throughout the litigation process

# MEDIATION SERVICES

## OF THE BAR ASSOCIATION OF SAN FRANCISCO

THE BAR ASSOCIATION OF SAN FRANCISCO

09/11/2007  14:52    2136148632    CT CORP    PAGE  40/40

## What is mediation?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable. Mediation tends to be less formal, take less time and cost less than arbitration or a court action.

## What is BASF's Mediation Service?

Developed by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges, the Mediation Service (formerly known as the Volunteer Early Mediation program) was established in November 2003.

The service allows parties to settle a dispute, while also satisfying the court requirement of attempting to resolve the dispute before trial.

## How does it work?

BASF's Mediation Services works quickly to help parties resolve their disputes, matching an experienced and qualified mediator to a case within days. After ensuring that a mediator does not have a conflict with the matter or the parties, BASF sends the parties a copy of the mediator's biography, which includes the mediator's billing rate. Alternatively, parties may request three mediator biographies from which to choose. A party may request a different mediator assignment for any reason until a mutually agreeable one is chosen.

## Who can use the service?

The service can be utilized by anyone, whether or not the dispute has been filed in court. If legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco Superior Court litigants.

## Who are the mediators?

BASF's mediators are experienced professionals who are available to assist in most areas of the law. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators possess an average of 15 years mediation experience and 125 hours of formal mediation training.

## How much does the service cost?

Mediators generously provide one hour of preparation and two hours of session time free of charge as a service to the Bar and the community. Hourly fees beyond those three hours vary depending on the mediator selected.

BASF charges an administrative fee of $200 per party, which pays for the administrative costs of running the program. Parties can request a waiver of the fee based on financial hardship.

09/11/2007  14:52    2136148632              CT CORP                        PAGE  05/40

1  JULIO RAMOS (No. 189944)
   ATTORNEY AT LAW
2  35 Grove Street, Suite 103
   San Francisco, California 94102
3  Telephone:    (415) 948-3015
   Facsimile:    (415) 469-9787
4
   Attorney for Plaintiff
5

6

7

8

9

10

11

12

13

14

15

16

ENDORSED
F I L E D
San Francisco County Superior Court

AUG 20 2007
GORDON PARK-LI, Clerk
BY: DEBORAH STEPPE
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

JAN 2 5 2008  -9 ᵐ AM

DEPARTMENT 212

SUMMONS ISSUED

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**CITY AND COUNTY OF SAN FRANCISCO**

**UNLIMITED JURISDICTION**

| | |
|---|---|
| AMY HARRINGTON, on behalf of herself and all others similarly situated, | Case No.  **CGC-07-466376** |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| MATTEL INC. a Delaware Corp. and FISHER-PRICE INC. a Delaware Corp. and DOES 1 through 100 inclusive, | |
| Defendants. | |

21         Plaintiff Amy Harrington (hereinafter "Plaintiff") is a mother of two children

22  exposed to hazardous toys , on behalf of herself and as representative of a class of similarly

23  situated consumers of Fisher-Price and Mattel Toys, she brings this Complaint to protect the

24  public from unfair, unlawful and/or fraudulent business practices, against the above-named

25  defendants (collectively, "Defendants"), and upon personal knowledge as to her own actions,

26  and upon information and belief with respect to all other allegations, alleges as follows:

27

28

CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE.

1.    This class action for violation of California's Health and Safety Code and Breach of Implied Warranty is brought under California Business and Professions Code Section 17200 et. seq. to recover restitution, damages and equitable relief due to violations by the Defendants and their co-conspirators, as alleged herein.

2.    Venue as to the Defendants is proper in this judicial district pursuant to the provisions of section 17203 of the California Business and Professions Code, and Section 395(a) and 395.5 of the California Code of Civil Procedure. Each Defendant maintains an office, transacts business, has an agent, or is found in the City and County of San Francisco. Each Defendant is within the jurisdiction of the Court for purposes of service of process, and many of the unfair, unlawful and/or fraudulent acts committed and pursuant to the actions hereinafter alleged had a direct effect on purchasers of toys within the State of California and, more particularly, within the City and County of San Francisco. The trade and commerce hereinafter described is carried on, in part, within the State of California and, more particularly within the City and County of San Francisco.

3.    The total amount in controversy as to Plaintiff and at least one individual Class member alleged herein does not exceed seventy-five thousand dollars ($75,000.00), including interest and costs. Plaintiff and the Class assert no federal questions and Plaintiff's state law causes of action are not federally pre-empted. Plaintiff's state law causes of action mandate that this case be heard in a State of California forum.

## DEFINITIONS.

4.    The term "toys" as used herein, includes the following products as defined in the United States Consumer Products Safety Commission recall bulletins dated August 2 2007.

5.    The term "Class Period," as used herein, refers to the period from January 1, 2003 to the present.

-1-

**CLASS ACTION COMPLAINT**

6.  The term "Person," as used herein, refers to any individual, partnership, corporation, association, or other business or legal entity.

## THE PARTIES.

7.  Plaintiff Amy Harrington is an individual who is the mother of two daughter's ages 11 months and 4 years of age.  During the Class Period, Plaintiff bought and used toys brands from one or more of the named Defendants and/or their subsidiaries, affiliates, and/or co-conspirators, and has been injured by reason of the unfair, unlawful, and/or fraudulent business practices alleged in this Complaint.

8.  Plaintiff Amy Harrington is and has been a resident of San Francisco California during the relevant period. Specifically, Plaintiff purchased and owns several of the products that have been subject to recall.  Plaintiff allowed her child to play with said products with no knowledge or expectations that Fisher-Price Toys were painted with a hazardous substance and seriously harmful to her children's health.

9.  Plaintiff was deceived because Defendants did not disclose the toys were unsafe, inherently dangerous and had they truthfully disclosed that the products were covered in lead paint. Plaintiff would not have purchased nor allowed her children to play with the toy products had she known her young daughters would be exposed to lead paint. Plaintiff believes that Defendants should be responsible for refunding to her the costs and taxes of the Fisher-Price Toys, as well as paying for medical testing for lead poisoning, and the Defendants should likewise be held to account to other members of the Plaintiff Class.

10. Defendant Fisher-Price is a Delaware Corporation doing business in the State of California.  Fisher-Price sells its products through chain retailers, specialty retailers, wholesalers, and original equipment manufacturer dealers, as well as directly to consumers and is a wholly owned subsidiary of Mattel, Inc.

11. Defendant Mattel, Inc. wholly owns and operates Defendant Fisher-Price. Mattel is the self-proclaimed worldwide leader in the design, manufacture and marketing of toys and family products. Mattel sells its products through chain retailers, specialty retailers,

-2-

**CLASS ACTION COMPLAINT**

1    wholesalers, and original equipment manufacturer dealers, as well as directly to consumers. It

2    manufacturers its headquarters are in El Segundo, California.

3        12. Various other persons, firms, and corporations have participated with

4    Defendants in the offenses charged and violations alleged herein and have aided, abetted, and

5    performed acts and made statements in furtherance of unfair, unlawful, and/or fraudulent

6    business practices alleged herein. When and if Plaintiff learns the identity of such co-

7    conspirators, Plaintiff may seek leave to amend this Complaint to add said co-conspirators as

8    defendants.

9        13. The true names and capacities, whether individual, corporate, associate,

10   representative, or otherwise of defendants named herein as DOES 1 through 100 are unknown

11   to Plaintiff at this time, and they are therefore sued by such fictitious names pursuant to Code

12   of Civil Procedure Section 474. Plaintiff will amend this Complaint to allege the true names

13   and capacities of DOES 1 through 100 when Plaintiff knows them. Each of defendants DOES

14   1 through 100 is in some manner legally responsible for the violations of law alleged herein.

15                                   **FACTS.**

16       14. The acts charged in this Complaint as having been done by the Defendants

17   and their co-conspirators were authorized, ordered, or done by their officers, agents,

18   employees, or representatives, while actively engaged in the management of the Defendants'

19   business or affairs.

20       15. Plaintiff purchased and/or or received from family members recalled

21   products during the period of April 2007 through June 2007. She often witnessed her children

22   lick, bite, chew and kiss the toy products that are the subject of the recall.

23       16. Defendants Fisher-Price and Mattel placed the toy products into the stream

24   of commerce in California despite government restrictions on the use of lead paint on toys,

25   they know that the ingestion of lead paint by children is more dangerous to children than

26   adults because it can harm the developing brain, causing reduced IQ, learning disabilities and

27   behavioral problems, among other things.

28

-3-

**CLASS ACTION COMPLAINT**

17. On August 2, 2007, the U.S. Consumer Product Safety Commission ("CPSC") announced a voluntary recall of various Fisher-Price and Mattel branded products. Defendants have not offered to reimburse Plaintiff or other members of the Plaintiff Class for the costs of the recalled toy products. Defendants' offer is inadequate and fails to compensate Plaintiff and other members of the Plaintiff Class for their damages or make them whole. The CPSC Press Release is attached hereto as Exhibit A.

18. The products at issue are not fit for ordinary use and are of no value to consumers. Consumers purchasing them, including Plaintiff, did not receive the benefit of their bargain.

19. Upon information and belief the recalled toys are manufactured in the Peoples Republic of China and then exported to the United States.

20. Defendants had failed to warn that their recalled toy products contained lead based paint.

21. As a result of Defendants' negligent and reckless and/or intentional conduct, Plaintiff's children and the children of members of the Plaintiff Class have been exposed to a known hazardous substance in the form of lead paint. As a result of such exposure, the children are at an increased risk of being poisoned by lead. Early detection of lead poisoning, through medical testing, is made necessary and advisable by the Defendants' manufacturing, marketing, and sale of the Fisher-Price Toys painted with lead pigment.

22. Accordingly, Plaintiff brings this action to recover the actual and compensatory damages for herself and the Class, as well as to recover the costs of diagnostic testing necessary to detect lead poisoning for their children resulting from Defendants and the other members of the Defendant Class's actions.

23. Defendants' marketing campaign for Fisher-Price Toys is built around assuring parents that its toys are safe for children. Said marketing campaign is shared and likewise made by other members of the Defendant Class.

---

**CLASS ACTION COMPLAINT**                    -4-

24. Plaintiff and other members of the Plaintiff Class were deceived by Defendants' material omissions and failure to state that the toys were coated with lead paint, and purchased the Fisher-Price Toys believing that the toys were safe for their children to play with as children normally do, including with the expectation that their toddlers would place the toys in their mouths while playing.

25. Despite their clear representations that the Fisher-Price Toys were safe for children, Defendants distributed Fisher-Price Toys manufactured in China, which contain lead paint. The Fisher-Price Toys and those of the other members of the Defendant Class included dolls, figurines, vehicles, buildings, instruments, and other types of toys sold at various retailers throughout the United States between April 2007 and the present for Fisher-Price and at other unknown times for the other members of the Defendant Class. Defendants distributed approximately one million of the toys containing lead paint.

## DEFENDANTS AND THE OTHER MEMBERS OF THE DEFENDANT CLASS KNEW OR SHOULD HAVE KNOWN OF THE DANGERS OF LEAD PAINT ON CHILDREN'S TOYS

26. For these reasons, the Consumer Product Safety Commission ("CPSC") has declared that "[t]oys and other articles intended for use by children that bear 'lead-containing paint'" are "banned hazardous products."

27. Consequently, Defendants knew or should have known that manufacturing and distributing Fisher-Price Toys and toys coated with paint containing any amount of lead was dangerous to children and such toys were not safe as Defendants and other members of the Defendant Class represented them to be.

28. On August 2, 2007, the U.S. Consumer Product Safety Commission ("CPSC") announced a voluntary recall of the Fisher-Price Toys.

29. Fisher-Price, has announced in its internet recall notice that "Paint on affected products contains lead in excess of permissible levels. Lead is toxic if ingested and can cause adverse health effects. Please remove these toys from the hands of children,

-5-

CLASS ACTION COMPLAINT

1   immediately, and use this guide to determine if they are affected by this recall. Full color

2   images of every product are included on subsequent pages. Use these images as a guide to

3   identify the products you own, then locate the date code on each product and compare with

4   the affected range of date codes. Enter this data on the final two pages of this brochure and

5   return to us".

6           30. As part of the recall, Defendants Fisher-Price and Mattel have offered

7   purchasers of these dangerous toys the ability to obtain a voucher for further Fisher-Price

8   products.

9           31. Defendants Fisher-Price and Mattel have also recommended that children

10  exposed to the lead paint tainted toys should be taken in for lead poisoning testing.

11          32. Moreover, as a result of Defendants negligent and reckless conduct,

12  Plaintiff's children and children of members of the Plaintiff Class have been exposed to a

13  known hazardous substance. As a result of such exposure, children are at an increased risk of

14  being poisoned by lead. Accordingly, Plaintiff also seeks to recover the costs of diagnostic

15  testing necessary to detect lead poisoning to their children resulting from Defendants and the

16  Defendant Class's actions.

17          33. Many of Defendant's products which are the subject of the recall involve

18  the Dora the Explorer line, a product that is targeted to Spanish speaking children.  Plaintiff

19  owns a Dora Talking Pony Palace toy, product number J9692 and which has been identified

20  by the Defendants as subject to the recall.

21                          **CLASS ACTION ALLEGATIONS.**

22          34. Plaintiff brings this action under California Code of Civil Procedure

23  Section 382, on behalf of herself and as representative of a class consisting of:

24      **All persons, sole proprietorships, partnerships, corporations**
        **and other entities in the State of California who purchased**
25      **toys from any of the Defendants or their subsidiaries at any**
        **time during the period from January 1, 2003 to the present**
26      **(the "Class Period"). Excluded from the Class are**
        **governmental entities, any judge, justice or judicial officer**
27      **presiding over this matter and the members of his or her**
        **immediate family, the Defendants, along with their**

28

**CLASS ACTION COMPLAINT**                    -6-

1    respective parents, subsidiaries and/or affiliates.  Also
2    excluded from this class are the legal representatives, heirs,
     successors and attorneys of any excluded person or entity,
3    and any person acting on behalf of any excluded person or
     entity.

4        35. Plaintiff does not know the exact size of the class; however, Plaintiff

5    believes that the number of class members is so numerous that joinder is impracticable.

6        36. Numerous questions of law and fact are common to the class, including but

7    not limited to the following:

8        a.    whether Defendants acted intentionally or negligently in allowing its

9              recalled toys to be sold in violation of California law;

10       b.    whether Defendants acted intentionally or negligently in allowing its

11             recalled toys in an unfair, unlawful and/or fraudulent manner;

12       c.    whether the Defendants conspired to sell toys without the proper

13             regulatory approvals in the State of California;

14       d.    whether the products are inherently dangerous;

15       e.    whether Defendants should pay for the costs of lead testing;

16       a.    whether the Defendants' conduct caused injury to the Plaintiff and the

17             members of the class and, if so, the appropriate class-wide measure of

18             damages;

19       b.    the operative time period of the contract, combination, and common

20             course of conduct;

21       c.    the nature and extent of class-wide injury and the measure of damages

22             for that injury;

23       d.    whether the class is entitled to restitution; and

24       e.    whether the Defendants actively took steps to conceal their actions.

25       37. These and other questions of law and fact predominate over any questions

26   affecting only individual members of the class.

27

28
                                            -7-
**CLASS ACTION COMPLAINT**

38. The claims of Plaintiff are typical of the claims of the class in that Plaintiff was a purchaser and recipient of toys like all the members of the class. Indeed, Plaintiff's purchases and use were in all relevant respects typical of purchases by other class members, and the monetary damages and injunctive relief sought is common to the class.

39. Plaintiff will fairly and adequately protect the interest of the class in that Plaintiff is a typical purchaser and user of Defendant's products, has no conflicts with any other members of the class, and is represented by experienced and able counsel. The Plaintiff's interests are coincident with, and not antagonistic to, those of the class members.

40. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members of the class. Class action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy. Among other things, there is no interest by members of the class in individually controlling the prosecution of separate actions, and it is desirable to concentrate the litigation of the claims made herein in a single proceeding to provide small claimants with a forum in which to seek redress for these violations of California law. Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including, but not limited to, providing claimants with a method for redress of claims that may otherwise burden the Court with individual litigation.

## CAUSES OF ACTION.

### Violation of California Business & Professions Code § 17200 et. seq.
### [The Unfair Competition Act]
### (Against All Defendants)

41. Plaintiff re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. Section 17200 of the California Business & Professions Code prohibits unfair competition by prohibiting any "unlawful, unfair or fraudulent business acts or practice ..."

-8-

CLASS ACTION COMPLAINT

43. Plaintiff and similarly situated members of the public have been injured as a direct and proximate result of Defendant's unfair, unlawful, and/or fraudulent business practices as alleged above, and these proceedings are instituted pursuant to section 17203 and 17204 of the California Business and Professions Code, to obtain relief from Defendants' business acts and practices that violate the Unfair Competition Act.

44. The Defendants' conduct as alleged herein violates the Unfair Competition Act. The business acts and practices of defendants constituted and constitutes a common continuous and continuing course of conduct of unfair competition by means of unfair, unlawful and/or fraudulent business acts or practices within the meaning of the Unfair Competition Act including, but in no way limited to, the following:

    a.    Defendants' business acts and practices are unfair, unlawful, and/or fraudulent to consumers in the State of California within the meaning of Business and Professions Code section 17200 and within the meaning of California's Health and Safety Code and the common law; and

    b.    Defendants' acts and practices are fraudulent within the meaning of Business and Professions Code section 17200.

    c.    Defendants' business acts and practices, as described above, whether or not in violation of Business and Professions Code section 17200 et. seq. and whether or not the product of concerted action are otherwise unfair, unconscionable, unlawful and/or fraudulent;

    d.    Defendants intentionally or negligently sold toys an unfair, unlawful and/or fraudulent manner.

45. The illegal conduct alleged herein is continuing and there is no indication that Defendants will not continue such activity into the future.

46. The business acts and practices of Defendants, as alleged herein, constituted and constitute a common continuous and continuing plan and scheme to deceive

-9.-

**CLASS ACTION COMPLAINT**

1  the public by means of unfair, unlawful and/or fraudulent business practices affecting the

2  trade or commerce in toy products in violation of California Business & Professions Code,

3  Section 17200, et. seq., and in violation of California's Health and Safety Code and the

4  common law.

5          47. Defendants' acts, omissions, misrepresentations, practices, and non-

6  disclosures, as alleged herein, constituted and constitute unfair, unlawful and/or fraudulent

7  business practices within the meaning of California Business & Professions Code, Section

8  17200 et. seq., and within the meaning of California Health and Safety Code.

9          48. Plaintiff and the members of the Class are entitled to relief, including full

10  restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits

11  which may have been obtained by Defendants as a result of such business acts or practices

12  and enjoining defendants to ease an desist from engaging in the practices described herein.

13          49. To prevent unjust enrichment pursuant to the California Business and

14  Professions Code, Defendant should be required to place all disgorged illegal gains and

15  profits in a constructive trust to be established by the court for the purpose of making full

16  restitution to all injured parties.

17          50. Plaintiff and other members of the Class were deceived by Defendants'

18  failure to disclose the dangers of its products that contained unhealthy levels of lead paint.

19  Defendants and other members of the Defendant Class would not have been able to sell their

20  dangerous products had they properly disclosed the fact that the products contained lead paint.

21          51. Plaintiff and other members of the Plaintiff Class would not have

22  purchased the concerned products if Defendants and other members of the Defendant Class

23  had disclosed the dangers of their products, including that such products contained toxic

24  levels of lead paint.

25          52. Plaintiff and the other Plaintiff Class members suffered actual damages as a

26  result of Defendants' deceptive, unlawful and unfair trade practices. Specifically, as a result

27  of Defendants and other members of the Defendant Class's deceptive and unfair trade

28

-10-

**CLASS ACTION COMPLAINT**

1    practices, Plaintiff and the other Plaintiff Class members suffered monetary losses, i.e., the

2    purchase price and lack of use of the products, which themselves are unfit for their intended

3    purpose, and further can be expected to suffer in the future the cost of medical monitoring

4    necessitated by the exposure of their children to the lead paint in Defendants' products.

5            53. By reason of the foregoing, Defendants and other members of the

6    Defendant Class are liable to Plaintiff and to the Plaintiff Class members in an amount to be

7    proved at trial, including, but not limited to, punitive damages or other penalties as may be

8    appropriate under applicable law.

9                            **(Breach of Implied Warranty)**
                             **(Against All Defendants)**

10

11           54. Plaintiff re-alleges paragraphs 1 through 53 as if fully set forth herein.

12           55. Defendants and other members of the Defendant Class, in the manufacture,

13   production, and sale of the products impliedly warranted to Plaintiff and other members of the

14   Plaintiff Class that the products were fit for their ordinary purpose, as toys for children and,

15   particularly Spanish speaking children

16           56. Defendants breached the implied warranty of merchantability by selling

17   children's toys that are dangerous to children and cannot safely be used for their ordinary

18   purpose in violation of California Civil Code § 1790 et. seq.

19           57. The Fisher-Price Toys were in fact unmerchantable because they could not

20   safely be used for their ordinary and intended purpose.

21           58. Defendants knew or should have known that the products did not meet the

22   capabilities as represented and marketed. Before commencing this action, Plaintiff, through

23   counsel, gave notice of the breach of warranty for all transactions involving the sale of Fisher-

24   Price Toys painted with lead paint. Plaintiff and members of the Plaintiff Class have been and

25   will be damaged and have suffered and will suffer direct economic, including both the cost of

26   the defective product and the future cost of medical monitoring necessitated by the lead paint.

27

28

-11-

**CLASS ACTION COMPLAINT**

09/11/2007  14:52    2136148632              CT CORP                        PAGE  17/40

59. By reason of the foregoing, Defendants and other members of the Defendant Class are liable to Plaintiff and the members of the Plaintiff Class in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the class, prays for judgment against the Defendants, jointly and severally, as follows:

a. That the Court certify a California Class of purchasers of recalled toys by the Defendants;

b. A declaration that Defendants have engaged in unlawful, unfair, and deceptive business acts and practices in violation of California Business & Professions Code § 17200 *et seq.*, and in violation of California's Health and Safety Code and breach of implied warranty;

c. That Defendants, their agents, servants, and employees, and all persons acting, directly or indirectly, in concert with them, be ordered to restore all funds to each member of the class acquired by means of any act of practice declared by this Court to be unlawful or to constitute unfair competition under Section 17200 *et seq.* of the California Business & Professions Code.

d. That Defendants be ordered to make restitution to Plaintiff and each and every member of the class due to their unfair competition, including disgorgement of their wrongfully obtained revenues, earnings, profits and compensation pursuant to California Business & Professions Code, Sections 17203 and 17204;

e. A preliminary and/or permanent injunction enjoining defendants and their respective successors, agents, servants, officers, directors, employees and all persons acting in concert with them from pursuing the policies, acts, and practices complained or herein and prohibiting Defendants from continuing such unfair and illegal business acts;

-12-

CLASS ACTION COMPLAINT

f.   On the Second Cause of Action, Breach of Implied Warranty damages.

g.   For pre-judgment and post-judgment interest at the highest legal rate, from and after the date of service of this Complaint;

h.   For reasonable attorneys' fees and costs of suit as permitted by law, including but not limited to Cal. Code of Civ. Proc. Section 1021.5;

i.   That Defendants acted in a willful and malicious manner and should be ordered to pay punitive damages in an amount to be determined at trial; and

j.   For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

Dated: August 20, 2007

Respectfully submitted,

By:

JULIO J. RAMOS
ATTORNEY AT LAW
35 Grove Street, Suite 103
San Francisco, California 94102
Telephone:    (415) 948-3015
Facsimile:    (415) 396-7321

Attorney for Plaintiff

STEVEN NUNEZ
Law Offices of Steven M. Nunez
3333 Camino Del Rio Suite 215
San Diego CA. 92108
Telephone    (619) 296-8400
Facsimile:    (619) 296-3700

-13-

**CLASS ACTION COMPLAINT**

09/11/2007  14:52    2136148632              CT CORP                    PAGE  19/40

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

-14-

**CLASS ACTION COMPLAINT**

09/11/2007  14:52    2136148632              CT CORP                    PAGE  28/40

# News from CPSC

## U.S. Consumer Product Safety Commission

Office of Information and Public Affairs                                    Washington, D.C. 20207

For Immediate Release
August 2, 2007
Release #Final 8/2/2007

Firm's Recall Hotline: (800) 916-4498
CPSC Recall Hotline: (800) 638-2772
CPSC Media Contact: (301) 504-7908

## Fisher-Price Recalls Licensed Character Toys Due To Lead Poisoning Hazard

WASHINGTON, D.C. – The U.S. Consumer Product Safety Commission, in cooperation with the firm named below, today announced a voluntary recall of the following consumer products. Consumers should stop using recalled products immediately unless otherwise instructed. (To access color photos of the following recalled products, see CPSC's Web site at www.cpsc.gov.)

**Name of Products:** Sesame Street, Dora the Explorer, and other children's toys
**Units:** About 967,000
**Importer:** Fisher-Price Inc., of East Aurora, N.Y.
**Hazard:** Surface paints on the toys could contain excessive levels of lead. Lead is toxic if ingested by young children and can cause adverse health effects.
**Incidents/Injuries:** None reported.
**Description:** The recalled involves various figures and toys that were manufactured between April 19, 2007 and July 6, 2007 and were sold alone or as part of sets. The model names and product numbers for the recalled toys, which are all marked with "Fisher-Price," are listed below. The toys also have a date code between 109-7LF and 187-7LF marked on the product. **Sold at:** Retail stores nationwide from May 2007 through August 2007 for between $5 and $40.
**Manufactured in:** China
**Remedy:** Consumers should immediately take the recalled toys away from children and contact Fisher-Price. Consumers will need to return the product and will receive a voucher for a replacement toy of the consumer's choice (up to the value of the returned product).
**Customer Contact:** For additional information visit the firm's Web site at www.service.mattel.com or contact Fisher-Price at (800) 916-4498.

### Product List:

| | |
|---|---|
| 33662 ELMO LIGHT UP MUSICAL PAL | 33663 ERNIE LIGHT UP MUSICAL PAL |
| 33664 BIG BIRD LIGHT UP MUSICAL PAL | 34658 ELMO STACKING RINGS |
| 39038 ELMO TUB SUB | 39054 SESAME STREET SHAPE SORTER |
| 87946 ELMO KEYBOARD | 90267 ERNIE SPLASHIN' FUN TRIKE |
| 90609 ELMO COLLECTIBLE | 90611 COOKIE COLLECTIBLE, |
| 90612 ZOE COLLECTIBLE | 90613 ERNIE COLLECTIBLE |
| 90614 BIG BIRD COLLECTIBLE | 90745 CONSTRUCTION PLAYSET |
| 93068 ELMO BOOM BOX | 93107 ACTION FIRE ENGINE |
| 93307 PRESS N GO ELMO | 93308 REV & GO COOKIE MONSTER |
| 93492 COOKIE SAXOPHONE | 93493  ELMO'S GUITAR |
| 93615 SPLASH TUB PUZZLE | 93780 MUSIC AND LIGHTS PHONE |
| | |
| B7554 COUNT TO BEAT ELMO | B7888 SHAKE, GIGGLE & ROLL |
| B7987 ELMO IN THE GIGGLE BOX | B7989 SILLY PARTS TALKING ELMO |
| B9620 DORA'S TALKING HOUSE | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Julio J. Ramos, declare under penalty of perjury that the following is true and correct:

I am a citizen of the United States; am over the age of 18 years; business address of 35 Grove Street, Suite 103 San Francisco CA. 94102; am not a party to the within action; and that I caused to be served a true and correct copy of the following documents in the manner indicated below:

    1.    APPLICATION FOR DESIGNATION OF CASE AS COMPLEX; AND

    2.    PROOF OF SERVICE

☐ **By Facsimile:** I caused each document listed above to be transmitted via facsimile to the fax number(s) set forth below on this date by 5:00 p.m.

☐ **By Personal Service:** I placed a true copy of each document listed above in a sealed envelope to each person named below at the address(es) shown below and gave same to a messenger for personal delivery by 5:00 p.m. on this date.

☑ **By Mail:** I placed a true copy of each document listed above in a sealed envelope addressed to each person listed below on this date. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that upon motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit.

☐ **By Express Mail:** I placed a true copy of each document listed above in a sealed envelope addressed to each person listed below on this date and affixed a pre-paid air bill, and caused the envelope to be delivered to an express service carrier for overnight delivery.

Mattel, Inc., Fisher Price Inc.
c/o CT Corporation Systems
818 W. Seventh Street
Los Angeles CA. 90017

Executed August 30, 2007 at San Francisco, California.

Signed _____

29330.1                          -2-

1  JULIO RAMOS (No. 189944)
   Attorney at Law
   35 Grove Street, Suite 103
2  San Francisco, California 94102
   Telephone:    (415) 948-3015
3  Facsimile:    (415) 469-9787

4  STEVEN M. NUNEZ (No. 185421)
   Law Offices of Steven M. Nunez
5  3333 Camino Del Rio Suite 215
   San Diego CA. 92108
6  Telephone    (619) 296-8400
   Facsimile:   (619) 296-3700
7
   Attorneys for Plaintiffs
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 CITY AND COUNTY OF SAN FRANCISCO

11                        UNLIMITED JURISDICTION

12

13  AMY HARRINGTON, on behalf of herself  )  Case No. CGC-07-466376
    and all others similarly situated,    )
14                                         )
                  Plaintiff,               )  APPLICATION FOR APPROVAL OF
15                                         )  COMPLEX LITIGATION
             vs.                           )  DESIGNATION
16                                         )
    MATTEL INC. a Delaware Corp. and       )
17  FISHER-PRICE INC. a Delaware Corp. and )  Date:
    DOES 1 through 100 inclusive,          )  Time:
18                                         )  Dept.:
                  Defendants.              )
19                                         )  Date Action Filed: 8/20/08
                                           )
20                                         )
                                           )
21                                         )
                                           )
22                                         )
                                           )
23                                         )

24          Plaintiff Amy Harrington ("Plaintiff") on behalf of herself and as

25  representative of a class of similarly situated consumers of Fisher-Price and Mattel Toys,

26  requests that this case be designated a complex cause pursuant to California Rules of Court

27  3.400 et. seq.  Plaintiff brings this case against the above-named defendants, as a class and

28  APPLICATION FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION

SEP-04-2007  14:23                                                          P.03/24

representative action to protect the public from unfair, unlawful and/or fraudulent business

practices and a breach of the implied warranty of merchantability. She seeks relief arising

from the defendants distribution of lead paint tainted toys. The Civil Case Cover Sheet and

Class Action Complaint are attached hereto as Exhibit A.

The following factors support the designation of this matter as complex:

1).   There will likely be multiple pretrial motions raising difficult and novel
      issues arising from the multi-jurisdictional contacts and actions by the
      defendants, most notably that the production of unhealthful lead paint
      tainted toys occurred primarily in the Peoples Republic of China. *See*
      California Rule of Court 3.400(b)(1);

2).   Media accounts indicate that millions of lead paint tainted toys may
      have been distributed in the United States during the first half of 2007.
      The defendants have identified that over 70 lines of toys primarily
      related to the Dora the Explorer and Sesame Street characters are
      subject to a recall. Undoubtedly, a large number of witnesses and
      substantial documents will be required to provide sufficient evidentiary
      support for this case. *See* California Rule of Court 3.400(b)(2);

3).   A review of federal and state dockets to date, indicates that at least four
      federal district court cases have been filed against defendants and at
      least one case has been filed in Los Angeles County Superior Court
      alleging substantially similar claims and facts as the instant matter. *See*
      California Rule of Court 3.400(b)(3) and (4); and

4).   This case will require substantial supervision to enforce the remedies
      sought by plaintiff as to herself and all others similarly situated. For
      example, the monitoring and testing of children for lead poisoning. *See*
      California Rule of Court 3.400(b)(5).

This case is provisionally complex as it involves a class action and has been

designated as such by Plaintiff in her Civil Case Cover Sheet and the initial complex

litigations filing fees has been paid.

Dated:  August 30, 2007

                                        Respectfully submitted,

                              By: _____
                                        JULIO J. RAMOS

-1-
APPLICATION FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION



1

**ATTORNEY AT LAW**
35 Grove Street, Suite 103
San Francisco, California 94102
Telephone:    (415) 948-3015
Facsimile:    (415) 396-7321

2

3

Attorney for Plaintiff

4

**STEVEN NUNEZ**
Law Offices of Steven M. Nunez
3333 Camino Del Rio Suite 215
San Diego CA. 92108
Telephone    (619) 296-8400
Facsimile:    (619) 296-3700

5

6

7

8

Attorney for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                        -2-
28  APPLICATION FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION

28

294180.1                                -2-

SEP-04-2007  14:23                                                    P.05/24

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*
Julio J. Ramos SBN 18594
35 Grove Street, Suite 103
San Francisco CA. 94102

TELEPHONE NO: 415-948-3015    FAX NO.: 415-469-9787
ATTORNEY FOR *(Name)*: Amy Harrington

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street.
MAILING ADDRESS: Civil Law Division
CITY AND ZIP CODE: San Francisco Ca. 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Harrington v. Mattel,

FOR COURT USE ONLY

ENDORSED
FILED
San Francisco County Superior Court

AUG 20 2007

GORDON PARK-LI, Clerk
BY: DEBORAH STEPPE
Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-07-466376   JUDGE:   DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*:   Unfair Business Practices and Breach of Implied Warranty
5. This case [ ] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: August 20, 2007
Julio J. Ramos
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

*Exhibit A*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.

1                          **PROOF OF SERVICE**

2              I, Julio J. Ramos, declare under penalty of perjury that the following is true and

3       correct:

4              I am a citizen of the United States; am over the age of 18 years; business
        address of 35 Grove Street, Suite 103 San Francisco CA. 94102; am not a party to the within
        action; and that I caused to be served a true and correct copy of the following documents in
5       the manner indicated below:

6              1.      APPLICATION FOR DESIGNATION OF CASE AS COMPLEX; AND

7              2.      PROOF OF SERVICE

8       ☐      **By Facsimile**:  I caused each document listed above to be transmitted via facsimile to
               the fax number(s) set forth below on this date by 5:00 p.m.

9       ☐      **By Personal Service**:  I placed a true copy of each document listed above in a sealed
               envelope to each person named below at the address(es) shown below and gave same
10             to a messenger for personal delivery by 5:00 p.m. on this date.

11      ☑      **By Mail**:  I placed a true copy of each document listed above in a sealed envelope
               addressed to each person listed below on this date. I am readily familiar with the
12             firm's practice of collection and processing correspondence for mailing.  Under that
               practice, it would be deposited with the U.S. Postal Service on the same day with
13             postage thereon fully prepaid in the ordinary course of business.  I am aware that upon
               motion of a party served, service is presumed invalid if the postal cancellation date or
14             postage meter date is more than one day after date of deposit for mailing in the
               affidavit.

15      ☐      **By Express Mail**:  I placed a true copy of each document listed above in a sealed
               envelope addressed to each person listed below on this date and affixed a pre-paid air
16             bill, and caused the envelope to be delivered to an express service carrier for overnight
               delivery.
17

18      Mattel, Inc., Fisher Price Inc.
        c/o CT Corporation Systems
19      818 W. Seventh Street
        Los Angeles CA. 90017
20

21

22

23

24

25      Executed August 30, 2007 at San Francisco, California.

26

27                                              Signed

28

        29280.1                                    -2-

SEP-04-2007  14:24                                                          P.07/24

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
JULIO J. RAMOS, ESQ. (489944)
LAW OFFICE OF JULIO J. RAMOS
35 Grove Street, Suite 103
San Francisco, California 94102
 TELEPHONE NO.: (415) 948-3015    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFFS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, California 94102
BRANCH NAME:

**FILED**
San Francisco County Superior Court
SEP 1 3 2007
GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

PLAINTIFF/PETITIONER: AMY HARRINGTON

DEFENDANT/RESPONDENT: MATTEL, INC.

CASE NUMBER: 466376

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.: W2483479

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* SUMMONS and COMPLAINT; NOTICE TO PLAINTIFF; ALTERNATIVE DISPUTE RESOLUTION
       PROGRAMS

3. a. Party served *(specify name of party as shown on documents served):*
      MATTEL, INC. a Delaware Corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      MARGARET WILSON, Authorized Agent of CT CORPORATION SYSTEM, Agent for Service of
      Process

4. Address where the party was served: 818 West 7th Street
                                         Los Angeles, California 90017

5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date):* 9/11/2007    (2) at *(time):* 2:50 p.m.
   b. ☐ by substituted service. On *(date):*          at *(time):*          I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business
             of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual
             place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
             address of the person to be served, other than a United States Postal Service post office box. I informed
             him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
             at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
             *(date):*          from *(city):*          or ☐          a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: AMY HARRINGTON | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: MATTEL, INC. | 466376 |

5. c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*          (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ by other means *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*  MATTEL, INC. a Delaware Corporation
    under the following Code of Civil Procedure section:

| | | |
|---|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. Person who served papers
  a. Name: B. Anderson
  b. Address: Wheels of Justice, Inc., 657 Mission Street, Suite 502, San Francisco, California 94105
  c. Telephone number: (415) 546-6000
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☐ employee ☑ independent contractor.
      (ii) Registration No.: 3991
      (iii) County: Los Angeles

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: September 11, 2007

B. Anderson

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____ (SIGNATURE)

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
JULIO J. RAMOS, ESQ. (489944)
LAW OFFICE OF JULIO J. RAMOS
35 Grove Street, Suite 103
San Francisco, California 94102

TELEPHONE NO.: (415) 948-3015    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: PLAINTIFFS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: San Francisco, California 94102
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER: AMY HARRINGTON

DEFENDANT/RESPONDENT: MATTEL, INC.

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER: 466376 |
| | Ref. No. or File No.: W2483479 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: SUMMONS and COMPLAINT; NOTICE TO PLAINTIFF; ALTERNATIVE DISPUTE RESOLUTION PROGRAMS

3. a. Party served *(specify name of party as shown on documents served)*:
      FISHER-PRICE INC., a Delaware Corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      MARGARET WILSON, Authorized Agent of CT CORPORATION SYSTEM, Agent for Service of Process

4. Address where the party was served: 818 West 7th Street
   Los Angeles, California 90017

5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 9/11/2007    (2) at *(time)*: 2:50 p.m.
   b. ☐ by substituted service. On *(date)*:            at *(time)*:            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:            from *(city)*:            or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: AMY HARRINGTON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MATTEL, INC. | 466376 |

5. c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*        (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ by other means *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* FISHER-PRICE INC., a Delaware Corporation
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)    ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 415.60 (minor)
    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)    ☐ 415.46 (occupant)
    ☐ other:

7. Person who served papers
  a. Name: B. Anderson
  b. Address: Wheels of Justice, Inc., 657 Mission Street, Suite 502, San Francisco, California 94105
  c. Telephone number: (415) 546-6000
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☐ employee ☑ independant contractor.
      (ii) Registration No.: 3991
      (iii) County: Los Angeles

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: September 11, 2007

    B. Anderson

_____    ▶ _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    (SIGNATURE)

POS-010 (Rev. January 1, 2007)    **PROOF OF SERVICE OF SUMMONS**    Page 2 of 2



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

AMY HARRINGTON

                                                    **Department 304**

                            PLAINTIFF (S)

            VS.                                     NO. CGC-07-466376

MATTEL INC. A DELAWARE CORP., et al
                                                    **ORDER GRANTING COMPLEX
                                                    DESIGNATION AND FOR
                            DEFENDANT (S)            SINGLE ASSIGNMENT**

---

TO: ALL COUNSEL AND PARTIES IN PROPRIA PERSONA

The Application for Approval of Complex Designation filed AUG-30-2007 is GRANTED.  Complex Designation is APPROVED.

The initial case management conference previously set for JAN-25-2008 is canceled.

It is hereby ordered that the entire action, titled above, is assigned to the Complex Litigation Department, Judge JOHN E. MUNTER, Department 305 of the California Superior Court for the County of San Francisco at 400 Mc Allister, San Francisco, CA 94102, for all purposes.

A new initial case management conference is set for OCT-24-2007 at 1:30 PM in Department 305.  A JOINT case management statement must be filed and a conformed copy thereof delivered to Department 305 no later than three (3) court days before the case management conference.

All other hearing dates shall be vacated by the Court.

Applicant counsel for plaintiff shall provide a copy of this order and notice to all active counsel of record and/or parties In Propria Persona that are not listed in the attached certificate of service.

DATED:  OCT-01-2007                  Richard A. Kramer

                                     JUDGE

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on OCT-01-2007 I served the foregoing ORDER GRANTING COMPLEX DESIGNATION AND FOR SINGLE ASSIGNMENT on each counsel of record or party appearing in propria persona by causing a copy thereof to be enclosed in a postage paid sealed envelope and deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA  94102-4514 pursuant to standard court practice.


Dated :  OCT-01-2007                    By: CRAIG BLACKSTONE



JULIO RAMOS  (189944)
JULIO RAMOS ATTORNEY AT LAW
35 GROVE STREET
SUITE 103
SAN FRANCISCO, CA  94102

CERTIFICATE OF SERVICE BY MAIL
Form 000015

1  Elwood Lui (SBN 45538)
   elui@jonesday.com
2  Thomas A. Rector (SBN 199175)
   tarector@jonesday.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA 94104
   Telephone:    (415) 626-3939
5  Facsimile:    (875) 875-5700

6  Attorneys for Defendants
7  MATTEL, INC. and FISHER-PRICE, INC.

ENDORSED
**FILED**
San Francisco County Superior Court

OCT 0 3 2007

GORDON PARK-LI, Clerk
BY
MARIA SANCHEZ
Deputy Clerk

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **COUNTY OF SAN FRANCISCO**

10

11  AMY HARRINGTON, on behalf of herself        Case No. CGC-07-466376
    and all others similarly situated,
12                                              Assigned to Judge John E. Munter
13             Plaintiff,
                                                **ANSWER**
14      v.

15  MATTEL, INC. a Delaware Corp. and
    FISHER-PRICE INC. a Delaware Corp. and
16  DOES 1 through 100 inclusive,

17             Defendants.

18      Defendants Mattel, Inc. ("Mattel") and Fisher-Price, Inc. ("Fisher-Price")

19  (collectively "Defendants") hereby answer Plaintiff Amy Harrington's ("Plaintiff") unverified

20  Original Complaint ("Complaint") as follows:

21                          **GENERAL DENIAL**

22      1.      Pursuant to California Code of Civil Procedure § 431.30, Defendants generally and

23  specifically deny each and every material allegation of Plaintiff's Complaint, and further

24  generally and specifically deny that Plaintiff has been damaged in any sum by, or is otherwise

25  entitled to any recovery from, Defendants.

26

27

28

HUI-8932851

MATTEL, INC.'S AND FISHER-PRICE, INC.'S ANSWER

## AFFIRMATIVE DEFENSES

Defendants aver and allege the following as separate and distinct affirmative defenses to the Complaint and to the claims alleged by Plaintiff on behalf of putative class members in the alleged class:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

2.    The Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted against Defendants and further fails to state facts sufficient to entitle Plaintiff to any relief whatsoever from Defendants.

### SECOND AFFIRMATIVE DEFENSE

#### (Lack of Standing)

3.    Plaintiff lacks standing to assert some or all of the claims in the Complaint and lacks standing to represent putative class members in the class she alleges.

### THIRD AFFIRMATIVE DEFENSE

#### (Claims Preemption)

4.    Some or all of the claims in the Complaint are preempted in whole or in part by the Consumer Product Safety Act ("CPSA"), applicable regulations, and actions of the Consumer Safety Products Commission in connection with the recalls.

### FOURTH AFFIRMATIVE DEFENSE

#### (Conduct Not "Unlawful")

5.    Some or all of the claims in the Complaint are barred in whole or in part because the Defendants' conduct was not unlawful.

### FIFTH AFFIRMATIVE DEFENSE

#### (Conduct Not "Unfair")

6.    Some or all of the claims in the Complaint are barred in whole or in part because the Defendants' conduct was not unfair.

### SIXTH AFFIRMATIVE DEFENSE

#### (Conduct Not "Misleading")

7.      Some or all of the claims in the Complaint are barred in whole or in part because the Defendants' conduct was not misleading.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

8.      Some or all of the claims in the Complaint are barred in whole or in part by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (California Constitution's Prohibition Against Excessive Penalties)

9.      Some or all of Plaintiff's claims are barred to the extent Plaintiff seeks to impose penalties that violate the California Constitution's prohibition against excessive penalties.

## NINTH AFFIRMATIVE DEFENSE

### (Excessive Fines Clause of the Eighth Amendment to the United States Constitution)

10.      Some or all of the claims in the Complaint are barred to the extent Plaintiff seeks damages that violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

### (Due Process Clause of the Fourteenth Amendment to the United States Constitution)

11.    Some or all of the claims in the Complaint are barred to the extent Plaintiff seeks damages or punitive damages that violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

12.    Some or all of the claims in the Complaint are barred in whole or in part to the extent they seek to impose liability, either based on a claim identified in the Complaint or a statute "borrowed" under § 17200, based on conduct that is otherwise protected by statute.

## TWELFTH AFFIRMATIVE DEFENSE

### (Discharge of Obligations)

13.    Some or all of the claims in the Complaint are barred in whole or in part because Defendants have complied with and fully performed any and all past and current obligations imposed on them by law, contracts, or equity, and all past and current obligations owed to Plaintiff have been satisfied, released or otherwise discharged.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Disclaimer of Warranties)

14.    Some or all of the claims in the Complaint are barred in whole or in part because there was a disclaimer of any express or implied warranties, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

15.    Some or all of the claims in the Complaint are barred in whole or in part because any harm to Plaintiff was caused not by Defendants' actions, but by a superseding cause.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

16.    Some or all of the claims in the Complaint are barred in whole or in part because the alleged conduct of the Defendants was not unfair and was undertaken in good faith for a valid business purpose.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

17.    Some or all of the claims in the Complaint are barred in whole or in part because Defendants are not in privity with Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure To State A Claim For Punitive Damages)

18.    The Complaint is devoid of facts sufficient to constitute a cause of action against Defendants for punitive or exemplary damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

19.    The Plaintiff's request for injunctive relief is barred because Plaintiff has an adequate remedy at law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Contributory and Comparative Negligence)

20.    Any injury sustained by Plaintiff was caused, in whole or in part, by Plaintiff's contributory or comparative negligence, fault, and want of due care, and therefore Plaintiff is barred from any recovery, or any recoverable damages must be reduced in proportion to the amount of negligence attributable to Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Direct Injury)

21.    The Complaint fails to state a cause of action under California's Business & Professions Code § 17200 et seq. because Plaintiff suffered no direct harm as a result of the alleged acts.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Requisite Particularity)

22.     Some or all of the claims in the Complaint are barred in whole or in part because they are not plead with the requisite particularity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Valid Class)

23.     Plaintiff's claims fail in whole or in part to meet the procedural or factual requirements necessary to certify or maintain a class action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Violation of Due Process)

24.     Some or all of the relief Plaintiff requests may result in multiple recoveries, thereby violating Defendants' due process rights under the United States and/or California Constitutions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Actionable Representations)

26.     Some or all of Plaintiff's claims under § 17200 fail because they are not based on actionable representations by Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Valid Claim for Medical Monitoring)

27.     The claims in the Complaint are barred with respect to Plaintiff and putative class members in the alleged class to the extent they seek or assert a medical monitoring claim or remedy for the reason that such a claim or remedy is not available under applicable law and because the facts pled in the Complaint do not satisfy the requirements for medical monitoring to the extent such a claim or remedy has been recognized in California or other jurisdictions.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

28.     Defendants hereby give notice that they intend to rely on any additional affirmative defenses that become available or apparent through discovery and the factual

HOU:89328v1

6

MATTEL, INC.'S AND FISHER-PRICE, INC.'S ANSWER

PROOF OF SERVICE

**Amy Harrington, on behalf of herself and all others similarly situated v. Mattel, Inc., a Delaware Corp. and Fisher-Price Inc. a Delaware Corp. and Does 1-100, Case No. CGC-07-466376**

I, Margaret Landsborough, declare:

I am a citizen of the United States and employed in San Francisco, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 California Street, 26th Floor, San Francisco, CA 94104.

On October 3, 2007, I caused to be served a copy of the within document(s): MATTEL, INC. AND FISHER-PRICE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

☐    by transmitting a true copy of the document(s) listed above via facsimile to the addresses and at the facsimile number(s) set forth below.

☒    by placing a true copy of the document(s) listed above in sealed envelope(s) for deposit with the U.S. Postal Service to the addresses set forth below.

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    by placing a true copy of the document(s) listed above in a sealed Federal Express envelope, and affixing a pre-paid air bill, and causing said envelope to be delivered to a Federal Express agent for delivery to the persons at the addresses set forth below.

Julio Ramos (SBN 189944)
Attorney at Law
35 Grove Street, Suite 103
San Francisco, CA 94102
Telephone: (415) 948-3015
Facsimile: (415) 469-9787

Steven M. Nunez (SBN 185421)
Law Offices of Steven Nunez
3333 Camino Del Rio Suite 215
San Diego, CA 92108
Telephone: (619) 296-8400
Facsimile: (619) 296-3700

Attorneys for Plaintiff

HOI-89328v1

8

MATTEL, INC.'S AND FISHER-PRICE, INC.'S ANSWER

1    I declare under penalty of perjury under the laws of the State of California that the above

2    is true and correct.  Executed on October 3, 2007, at San Francisco, California.

3

4    _____

5    Margaret Landsborough

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28