1  Elwood Lui (SBN 45538)
   elui@jonesday.com
2  Thomas A. Rector (SBN 199175)
   tarector@jonesday.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA 94104
   Telephone:    (415) 626-3939
5  Facsimile:    (415) 875-5700

6  Hugh Whiting
   hrwhiting@jonesday.com
7  (pro hac vice application to be filed)
   JONES DAY
8  717 Texas, Suite 3300
   Houston, TX  77002
9  Telephone:    (832) 239-3939
   Facsimile:    (832) 239-3600

10

11 Thomas E. Fennell
   tefennell@jonesday.com
   (pro hac vice application to be filed)
12 Michael L. Rice
   mlrice@jonesday.com
13 (pro hac vice application to be filed)
   JONES DAY
14 2727 N. Harwood St.
   Dallas, TX 75201
15 Telephone:    (214) 220-3939
   Facsimile:    (214) 969-5100
16
   Attorneys for Defendants
17 MATTEL, INC. AND FISHER-PRICE, INC.

18              **UNITED STATES DISTRICT COURT**

19   **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

20

21

22 AMY HARRINGTON, on behalf of herself and
   all others similarly situated,
                                              Case No. 07-05110 (MJJ)
23              Plaintiff,

24         v.

25 MATTEL, INC. a Delaware Corp., and        **[PROPOSED] ORDER DENYING**
   FISHER-PRICE INC. a Delaware Corp., and   **PLAINTIFF'S MOTION TO REMAND**
26 DOES 1 through 100, inclusive,

27              Defendants.

28

                                              [PROPOSED] ORDER DENYING
                                              PLAINTIFF'S MOTION TO REMAND
                                              CASE NO. 07-05110 (MJJ)

1

2    I.    BACKGROUND

3         This action is one of eighteen putative class actions currently pending in federal district

4    courts which were all filed following voluntary toy recalls announced by Defendants on August 2,

5    August 14, September 4, and October 25, 2007.  On September 5, 2007, Defendants filed a

6    motion with the Judicial Panel on Multidistrict Litigation (the "JMPL") seeking to have all of the

7    cases coordinated for pretrial in one proceeding in the United States District Court for the Central

8    District of California.  The JMPL has set the motion to transfer for hearing on November 29,

9    2007.

10         Plaintiff in this action served Defendants with the complaint and summons on

11   September 11, 2007.  Defendants timely removed this case on October 4, 2007 pursuant to the

12   Class Action Fairness Act of 2005, ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d)

13   and 1453.  On November 5, 2007, Plaintiff filed a Motion to Remand ("Motion").  The Motion is

14   based on only two grounds: (1) Plaintiff contends Defendants have not proved by a

15   preponderance of evidence that the amount in controversy exceeds the $ 5 million CAFA

16   jurisdictional threshold; and (2) that the case is subject to remand based upon the home-state

17   controversy exception of 28 U.S.C. § 1332(d)(4)(B).  Plaintiff does not set forth any other basis

18   for remand.

19   II.   LEGAL STANDARD

20         A.    AMOUNT IN CONTROVERSY

21         Under CAFA, the controlling question for purposes of evaluating the amount in

22   controversy requirement is whether the aggregate amount of damages and other relief sought for

23   the alleged class exceeds $ 5 million.  If the court is uncertain whether the threshold is met, "[t]he

24   district court should interpret expansively its power to aggregate individual class members claims,

25   and where the court is in doubt whether the aggregated claims exceed $ 5 million, the court

26   should err in favor of exercising jurisdiction over the case." *Romeo v. The Home Depot U.S.A.,*

27   *Inc.*, 2006 U.S. Dist. LEXIS 79881, at * 4-5 (S.D. Cal. Oct. 30, 2006) (quoting from S. Rep. No.

28   109-14, at 42 (2005), as reprinted in 2005 U.S.C.C.A.N. 3, 41).

1  Plaintiff seeks unspecified damages and a broad range of relief on behalf of the putative

2 class.  To meet the CAFA amount in controversy standard, Defendants need only show by a

3 "preponderance of the evidence" that $ 5 million is put at issue.  *Guglielmino v. McKee Foods*

4 *Corp*., 2007 U.S. App. LEXIS 23654, at \*14 (9th Cir. October 9, 2007).  Thus, Defendants need

5 only "produce underlying facts showing only that it is *more likely than not* that the amount in

6 controversy exceeds $ 5,000,0000, assuming the truth of the allegations plead in the Complaint."

7 *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at \*5 (E.D. Cal. May 1, 2007) (slip copy)

8 (emphasis in original); *see also Davis v. Chase Bank U.S.A., N.A*., 453 F. Supp. 2d 1205, 1208

9 (C.D. Cal. 2006).  This "burden is not daunting, as courts recognize that under this standard, a

10 removing defendant is *not* obligated to research, state, and prove the plaintiff's claims for

11 damages."  *Muniz*, 2007 WL 1302504, at \*2 (emphasis in original) (quotation and citation

12 omitted).

13   B.  28 U.S.C. § 1332(D)(4)(B) "HOME-STATE" CONTROVERSY EXCEPTION

14  The Ninth Circuit holds "that the party seeking remand bears the burden of proof as to any

15 exception under CAFA."  *Serrano v. 180 Connect, Inc*., 478 F.3d 1018, 1019 (9th Cir. 2007).

16 Thus, Plaintiff bears the burden of proving that two-thirds or more members of the putative class

17 and the "primary defendants" are citizens of California.  *See* 28 U.S.C. § 1332(d)(4)(B) exception

18 to CAFA ("home-state controversy exception").

19 III. ANALYSIS

20   A.  AMOUNT IN CONTROVERSY

21  In the Notice of Removal, Defendants focused on one component of the alleged class and

22 provide evidence that approximately 29,900 products subject to the August 2, 2007 recall were

23 sold to consumers in California.  Focusing on the consumer component of the alleged class, the

24 question then is what is the amount in controversy put at issue by Plaintiff's Complaint.  The

25 "ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a

26 defendant will actually owe."  *Muniz*, 2007 WL 1302504, at \*3; *Levine v. Bic USA, Inc*., 2007

27 WL 2406897, at \*2 (S.D. Cal. Aug. 20, 2007).  While all of Plaintiff's requested relief must be

28 included in assessing the aggregated CAFA amount in controversy, the potential costs associated

[PROPOSED] ORDER DENYING
PLAINTIFF'S MOTION TO REMAND
CASE NO. 07-05110 (MJJ)

1   with Plaintiff's demand for putative class-wide medical testing and monitoring alone meet the

2   requisite amount in controversy.

3        Plaintiff's claims for medical testing and medical monitoring relief put at issue two

4   separate components: 1) medical testing for detection of lead poisoning (Complaint, ¶¶ 21; 22;

5   32); and 2) subsequent, future, medical monitoring (Complaint, ¶¶ 52; 58). Based upon published

6   materials recommending at least two different blood lead level tests ("BLL tests") and a clinical

7   examination, as well as a showing that a single BLL test is more than $ 60, it is likely the costs

8   per child would exceed $ 200. Thus, given the size of the putative class and potential medical

9   testing and medical monitoring costs in excess of $ 200 per putative class member, it is *more*

10   *likely than not* that the amount in controversy exceeds $ 5 million on just these costs alone even

11   before adding Plaintiff's estimated $ 1.45 million for restitution and warranty economic relief.

12   *See Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706 at *2 (E.D. Cal. May 8, 2007) (slip

13   copy); *see also Davis*, 453 F. Supp. 2d at 1208 ("[plaintiff] provides no evidence that

14   [defendants'] calculations are incorrect, and given the allegations, this amount seems a reasonable

15   estimate."); *Robinson v. Cheetah Transp.*, 2006 U.S. Dist. LEXIS 10129, at *8-9 (W.D. La. Feb.

16   24, 2006). Assuming the truth of the allegations in Plaintiff's Complaint and totaling all the costs

17   Plaintiff seeks to impose on Defendants, Defendants have met their burden by showing that it is

18   more likely than not that the amount in controversy exceeds $ 5 million.

19        B.        28 U.S.C. § 1332(D)(4)(B) "HOME-STATE" CONTROVERSY EXCEPTION

20        Plaintiff bears the burden of proving the home-state controversy exception. While

21   Plaintiff cites to the residency of putative class members, the home-state controversy exception is

22   based on citizenship. As "[c]itizenship is determined by one's 'state of domicile,' not his state of

23   residence," *Kanaan v. Freescale Semiconductor, Inc.*, 2007 U.S. Dist. LEXIS 11736, *6 (N.D.

24   Cal. Feb. 5, 2007), Plaintiff's failure to prove that two-thirds or more of the putative class are

25   citizens of California is fatal to her invocation of the exception. *See Anthony v. Small Tube Mfg.*

26   *Corp.*, 2007 U.S. Dist. LEXIS 73064, at *12 (E.D. Pa. Sept. 27, 2007). Plaintiff's "primary

27   defendant" argument fails because Plaintiff asserts claims and alleges direct liability against both

28   Fisher-Price and Mattel. Plaintiff's unsupported assertion that Mattel is the primary defendant

[PROPOSED] ORDER DENYING
PLAINTIFF'S MOTION TO REMAND
CASE NO. 07-05110 (MJJ)

1  fails to meet Plaintiff's burden of proof as to both the home-state controversy exception and

2  fundamental elements of corporate law.

3  IV.    CONCLUSION

4       For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

5       **IT IS SO ORDERED**.

6

7  Dated:    _____, 2007

8

9                                          By: _____
                                               Judge Martin J. Jenkins
                                               United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER DENYING
PLAINTIFF'S MOTION TO REMAND
CASE NO. 07-05110 (MJJ)