1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  JANET GAARD
    Acting Chief Assistant Attorney General
3  THEODORA BERGER
    Senior Assistant Attorney General
4  EDWARD G. WEIL (SBN 88302)
    Supervising Deputy Attorney General
5  TIMOTHY E. SULLIVAN (SBN 197054)
   HARRISON M. POLLAK (SBN 200879)
6  Deputy Attorneys General
    1515 Clay Street, 20th Floor
7   P.O. Box 70550
    Oakland, CA  94612-0550
8

9

10 ROCKARD J. DELGADILLO (SBN 125465)
   Los Angeles City Attorney
11 JEFFREY B. ISAACS (SBN 117104)
    Chief Assistant City Attorney and Chief,
12  Criminal and Special Litigation Branch
   PATTY BILGIN (SBN 164090)
13  Assistant City Attorney
    Environmental Justice and Protection Section
14 ELISE A. RUDEN (SBN 124970)
   JAIME SUAREZ (SBN 201896)
15  Deputy City Attorneys
    200 North Main Street, 500 City Hall East
16  Los Angeles, California 90012-4131

17

18 Attorneys for Plaintiffs People of the State of California

19                    SUPERIOR COURT OF CALIFORNIA

20                           COUNTY OF ALAMEDA

21

**PEOPLE OF THE STATE OF CALIFORNIA, ex rel. EDMUND G. BROWN JR., Attorney General,**

                                   Plaintiffs,

            v.

**MATTEL, INC.; FISHER-PRICE, INC.; MICHAELS STORES, INC.; TOYS 'R' US, DELAWARE INC.; TOYS 'R' US, INC.; TOYS 'R' US; WAL-MART STORES, INC.; TARGET CORPORATION; SEARS HOLDINGS CORPORATION; SEARS, ROEBUCK & CO.; KB TOYS, INC.; KB TOYS RETAIL, INC.; COSTCO WHOLESALE CORPORATION; A&A GLOBAL**

**COMPLAINT FOR CIVIL PENALTY AND INJUNCTIVE RELIEF**

1
COMPLAINT

1 | **INDUSTRIES, INC.; RC2 CORPORATION; EVEREADY BATTERY COMPANY, INC.; KIDS II, INC.; KMART CORPORATION; MARVEL ENTERTAINMENT, INC.; TOY INVESTMENTS, INC.; and Defendants DOES 1 through 100, inclusive,**

Defendants.

Plaintiffs, the People of the State of California, by and through Edmund G. Brown Jr., Attorney General, and Rockard J. Delgadillo, Los Angeles City Attorney, hereby allege:

## I. PRELIMINARY STATEMENT

1. This complaint seeks to remedy the failure of defendants to warn persons of exposure to lead and lead compounds, which are chemicals known to the State of California to cause birth defects, or other reproductive harm, or cancer. Under the Safe Drinking Water and Toxic Enforcement Act of 1986, Health and Safety Code section 25249.6, also known as "Proposition 65," businesses must provide persons with a "clear and reasonable warning" before exposing individuals to chemicals known to the state to cause cancer or reproductive harm. In this case, exposures to lead or lead compounds occur when individuals handle toys made of materials that contain lead or lead compounds. This complaint furthermore seeks to remedy defendants' failure to comply with federal law governing the lead content of paint and surface coatings on toys.

## II. PARTIES

2. Plaintiffs are the People of the State of California, by and through Edmund G. Brown Jr., Attorney General, and Rockard J. Delgadillo, Los Angeles City Attorney. Health and Safety Code section 25249.7, subdivision (c), provides that actions to enforce Proposition 65 may be brought by the Attorney General in the name of the People of the State of California or by a city attorney of a city having a population in excess of 750,000. Business and Professions Code section 17204 provides that actions to enforce that statute may be brought by the Attorney General or by a city attorney of a city having a population in excess of 750,000. The City of Los Angeles has a population greater than 750,000.

3.  Defendant MATTEL, INC. is a business entity with ten or more employees that has manufactured, distributed, or sold toys made with components that contain lead or lead compounds.

4.  Defendant FISHER-PRICE, INC. is a business entity with ten or more employees that has manufactured, distributed, or sold toys made with components that contain lead or lead compounds.

5.  Defendant MICHAELS STORES, INC. is a business entity with ten or more employees that has manufactured, distributed, or sold toys made with components that contain lead or lead compounds.

6.  Defendant TOYS 'R' US, DELAWARE INC. is a business entity with ten or more employees that has manufactured, distributed, or sold toys made with components that contain lead or lead compounds.

7.  Defendant TOYS 'R' US, INC. is a business entity with ten or more employees that has manufactured, distributed, or sold toys made with components that contain lead or lead compounds.

8.  Defendant TOYS 'R' US is a business entity with ten or more employees that has manufactured, distributed, or sold toys made with components that contain lead or lead compounds.

9.  Defendant WAL-MART STORES, INC. is a business entity with ten or more employees that has manufactured, distributed, or sold toys made with components that contain lead or lead compounds.

10.  Defendant TARGET CORPORATION is a business entity with ten or more employees that has manufactured, distributed, or sold toys made with components that contain lead or lead compounds.

11.  Defendant SEARS HOLDINGS CORPORATION is a business entity with ten or more employees that has manufactured, distributed, or sold toys made with components that contain lead or lead compounds.

12.  Defendant SEARS, ROEBUCK & CO. is a business entity with ten or more employees

1  that has manufactured, distributed, or sold toys made with components that contain lead or lead
2  compounds.
3      13. Defendant KB TOYS, INC. is a business entity with ten or more employees that has
4  manufactured, distributed, or sold toys made with components that contain lead or lead
5  compounds.
6      14. Defendant KB TOYS RETAIL, INC. is a business entity with ten or more employees
7  that has manufactured, distributed, or sold toys made with components that contain lead or lead
8  compounds.
9      15. Defendant COSTCO WHOLESALE CORPORATION is a business entity with ten or
10 more employees that has manufactured, distributed, or sold toys made with components that
11 contain lead or lead compounds.
12     16. Defendant A&A GLOBAL INDUSTRIES, INC. is a business entity with ten or more
13 employees that has manufactured, distributed, or sold toys made with components that contain
14 lead or lead compounds.
15     17. Defendant RC2 CORPORATION is a business entity with ten or more employees that
16 has manufactured, distributed, or sold toys made with components that contain lead or lead
17 compounds.
18     18. Defendant EVEREADY BATTERY COMPANY, INC. is a business entity with ten or
19 more employees that has manufactured, distributed, or sold toys made with components that
20 contain lead or lead compounds.
21     19. Defendant KIDS II, INC. is a business entity with ten or more employees that has
22 manufactured, distributed, or sold toys made with components that contain lead or lead
23 compounds.
24     20. Defendant KMART CORPORATION is a business entity with ten or more employees
25 that has manufactured, distributed, or sold toys made with components that contain lead or lead
26 compounds.
27     21. Defendant MARVEL ENTERTAINMENT, INC. is a business entity with ten or more
28 employees that has manufactured, distributed, or sold toys made with components that contain

1 lead or lead compounds.

2  22. Defendant TOY INVESTMENTS, INC. is a business entity that has manufactured, distributed, or sold toys made with components that contain lead or lead compounds. The following allegation is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery: TOY INVESTMENTS, INC. has ten or more employees.

6  23. The true names and capacities of the defendants sued herein as Does 1 through 100 are unknown to plaintiff, who therefore sues them by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of these defendants when they have been determined. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein.

11  24. Whenever reference is made in this complaint to "defendants," then unless otherwise specified, such reference includes the defendants named in paragraphs 3 to 22, and Does 1 through 100.

### III. JURISDICTION AND VENUE

15  25. This Court has jurisdiction pursuant to California Constitution Article VI, section 10, because this case is a cause not given by statute to other trial courts.

17  26. This Court has jurisdiction over each defendant named above, because each is a business entity that does sufficient business, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market, through the sale, marketing, and use of its products in California, to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

22  27. Venue is proper in this Court because the cause, or some part of the cause, arises in Alameda County in that defendants' products are sold in this county.

### IV. STATUTORY BACKGROUND

**A. Proposition 65**

26  28. The Safe Drinking Water and Toxic Enforcement Act of 1986 is an initiative statute passed as "Proposition 65" by a vote of the people in November of 1986.

28  29. The warning requirement of Proposition 65 is contained in Health and Safety Code

section 25249.6, which provides:

> No person in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual, except as provided in Section 25249.10.

30. An exposure to a chemical in a consumer product is one "which results from a person's acquisition, purchase, storage, consumption, or other reasonably foreseeable use of a consumer good, or any exposure that results from receiving a consumer service." (Cal. Code Regs., tit. 22, § 12601, subd. (b).)

31. Proposition 65 establishes a procedure by which the state is to develop a list of chemicals "known to the State to cause cancer or reproductive toxicity." (Health & Saf. Code, § 25249.8.) No warning need be given concerning a listed chemical until one year after the chemical first appears on the list. (*Id*., § 25249.10, subd. (b).)

32. Any person "violating or threatening to violate" the statute may be enjoined in any court of competent jurisdiction. (Health & Saf. Code, § 25249.7.) To "threaten to violate" is defined to mean "to create a condition in which there is a substantial probability that a violation will occur." (*Id*., § 25249.11, subd. (e).) In addition, violators are liable for civil penalties of up to $2,500 per day for each violation, recoverable in a civil action. (*Id*., § 25249.7, subd. (b).)

33. Actions to enforce the law "may be brought by the Attorney General in the name of the People of the State of California, by any district attorney, [or] by any city attorney of a city having a population in excess of 750,000." (*Id*., § 25249.7, subd. (c).) Private parties are given authority to enforce Proposition 65 "in the public interest," but only if the private party first provides written notice of a violation to the alleged violator, the Attorney General, and every District Attorney in whose jurisdiction the alleged violation occurs. If no public prosecutors commence enforcement within sixty days, then the private party may sue. (Health & Saf. Code, § 25249.7(d).)

34. In an action by the Attorney General or a city attorney, the Attorney General or city attorney may "seek and recover costs and attorney's fees on behalf of any party who provides a notice pursuant to subdivision (d) and who renders assistance in that action." (*Id.*, § 25249.7,

subd. (j).)

### B. The Federal Consumer Product Safety Act

35. The federal Consumer Product Safety Act ("CPSA") (15 U.S.C. §§ 2051-2084) was signed into law by the President in 1972. The CPSA created the Consumer Product Safety Commission and authorized the Commission to promulgate rules declaring a consumer product to be a "banned hazardous product" if the product presents an unreasonable risk of injury that is not otherwise addressed by the CPSA. (CPSA, § 8, 15 U.S.C. § 2057.)

36. Pursuant to that authority, the Consumer Product Safety Commission ruled that paint and similar surface-coating materials that contain lead or lead compounds and in which the lead content is in excess of 0.06 percent (referred to as "lead-containing paint") are banned hazardous products under CPSA sections 8 and 9 (15 U.S.C. §§ 2057, 2058). (16 C.F.R. 1303.1(a).)

37. The Consumer Product Safety Commission further ruled that toys and other articles intended for use by children that bear "lead-containing paint" are "banned hazardous products." (16 C.F.R. 1303.4; 16 C.F.R. 1303.1(a)(1).) The Commission stated that it issued the ban because "there is an unreasonable risk of lead poisoning in children associated with lead content of over 0.06 percent in paints and coatings to which children have access." (16 C.F.R. 1303.1(c).)

38. Under the CPSA, it is "unlawful for any person to . . . manufacture for sale, offer for sale, distribute in commerce, or import into the United States any consumer product which has been declared a banned hazardous product by a rule under this Act." (CPSA, § 19, 15 U.S.C. § 2068(a)(2).)

### C. The Unfair Competition Act

39. California Business and Professions Code section 17200 provides that "unfair competition shall mean and include unlawful, unfair or fraudulent business practice." Section 17203 of the Business and Professions Code provides that "(a)ny person performing or proposing to perform an act of unfair competition within this state may be enjoined in any court of competent jurisdiction."

40. Unlawful acts under the statute include any act that is unlawful that is conducted as part

of business activity, and therefore include violations of Proposition 65 and the CPSA.

41. Business and Professions Code section 17206, subdivision (a), provides that any person violating section 17200 "shall be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, which shall be assessed and recovered in a civil action brought in the name of the people of the State of California by the Attorney General, [or] by any city attorney of a city, or city and county, having a population in excess of 750,000, with the consent of the district attorney, by a city prosecutor in any city having a full-time city prosecutor by any district attorney." Under section 17205, these penalties are "cumulative to each other and to the remedies or penalties available under all other laws of this state."

## V. FACTS

42. "Lead" was placed in the Governor's list of chemicals known to the State of California to cause reproductive toxicity on February 27, 1987. It is specifically identified under three subcategories: "developmental reproductive toxicity," which means harm to the developing fetus, "female reproductive toxicity," which means harm to the female reproductive system, and "male reproductive toxicity," which means harm to the male reproductive system. (Cal. Code Regs., tit. 22, § 12000, subd. (c).)

43. "Lead and lead compounds" was placed in the Governor's list of chemicals known to the State of California to cause cancer on October 1, 1992. (Cal. Code Regs., tit. 22, § 12000, subd. (b).)

44. The following allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery: Each defendant has manufactured, distributed, or sold toys made with components that contain lead or lead compounds for sale or use within the State of California.

45. Individuals who handle or use the toys are exposed to lead or lead compounds through contact between the toys and skin or by placing the toys or parts of the toys in their mouths. Persons that handle or use the toys can and do ingest some portion of that lead or lead compounds, either through placing the toys or parts of the toys into the mouth, through transfer of lead or lead compounds from the skin to the mouth, through transfer of lead or lead

compounds from the skin to objects that are put in the mouth, such as food, or through absorption of lead or lead compounds through the skin. Both adults and children handle or use the toys and are exposed to the lead or lead compounds that are released from them in the course of their intended and reasonably foreseeable use.

46. Each defendant has received one or more notices of violation from private organizations stating that the defendant has violated Proposition 65 by exposing individuals to toys with lead or lead compounds without providing a clear and reasonable warning.

47. Each defendant has had knowledge that some of the toys it manufactured, distributed, or sold contain lead or lead compounds.

48. Each defendant has intended that individuals use and handle the toys. Each defendant has had knowledge that individuals, including both adults and children, use and handle the toys it manufactured, distributed, or sold that are made with materials that contain lead or lead compounds.

49. The following allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery: Each defendant has knowingly and intentionally exposed individuals to lead or lead compounds. The exposure is knowing and intentional because it is the result of the defendants' deliberate act of manufacturing, distributing, or selling toys made with materials that contain lead or lead compounds, with the knowledge that its intended use will result in exposure to lead or lead compounds.

50. The following allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery: Each defendant has failed to provide clear and reasonable warnings that the use of the products in question results in exposure to a chemical known to the State of California to cause cancer, birth defects and other reproductive harm, and no such warning was provided to those individuals by any other person.

51. Each defendant listed in paragraphs 3 through 10 and 13 through 21 has manufactured for sale, offered for sale, distributed in commerce, or imported into the United States a toy that bears a paint or surface coating containing greater than 0.06 percent lead in violation of the CPSA. The following allegations are likely to have evidentiary support after a reasonable

opportunity for further investigation or discovery: Each of the defendants listed in paragraphs 11 and 12 has manufactured for sale, offered for sale, distributed in commerce, or imported into the United States a toy that bears a paint or surface coating containing greater than 0.06 percent lead in violation of the CPSA.

## VI. FIRST CAUSE OF ACTION

(Against Each Defendant for Violation of Proposition 65)

52. Paragraphs 1 through 51 are realleged as if fully set forth herein.

53. By committing the acts alleged above, each defendant has, within the previous twelve months, in the course of doing business, knowingly and intentionally exposed individuals to chemicals known to the State of California to cause cancer and reproductive toxicity without first giving clear and reasonable warning to such individuals, within the meaning of Health and Safety Code section 25249.6.

54. Said violations render each defendant liable to plaintiffs for civil penalties not to exceed $2,500 per day for each violation, as well as other remedies.

## VII. SECOND CAUSE OF ACTION

(Against Each Defendant for Unlawful Business Practices)

55. Paragraphs 1 through 54 are realleged as if fully set forth herein.

56. By committing the acts alleged above, each defendant has, within the previous four years, engaged in unlawful business practices which constitute unfair competition within the meaning of Business and Professions Code section 17200.

57. Said violations render each defendant liable to plaintiffs for civil penalties not to exceed $2,500 for each violation, as well as other remedies.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that the Court:

1. Pursuant to the First and Second Causes of Action, grant civil penalties according to proof;

2. Pursuant to Health and Safety Code section 25249.7 and Business and Professions Code section 17203, enter such temporary restraining orders, preliminary injunctions, permanent

1  injunctions, or other orders prohibiting defendants from exposing persons within the State of

2  California to Listed Chemicals caused by the use of their products without providing clear and

3  reasonable warnings, as plaintiffs shall specify in further application to the Court;

4       3. Enter such orders as "may be necessary to restore to any person in interest any

5  money or property, real or personal, which may have been acquired by means of" these unlawful

6  acts, as provided in Business and Professions Code section 17203 and other applicable laws;

7       4. Award plaintiffs their costs of suit;

8       5. Grant such other and further relief as the Court deems just and proper.

Dated: _____     Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California
JANET GAARD
  Acting Chief Assistant Attorney General
THEODORA BERGER
  Senior Assistant Attorney General
EDWARD G. WEIL
  Supervising Deputy Attorney General
TIMOTHY E. SULLIVAN
Deputy Attorney General


HARRISON M. POLLAK
Deputy Attorney General
Attorneys for Plaintiffs People of the State of California

Dated: _____     ROCKARD J. DELGADILLO
Los Angeles City Attorney
JEFFREY B. ISSACS
  Chief Assistant City Attorney and Chief,
  Criminal and Special Litigation Branch
PATTY BILGIN
  Assistant City Attorney
ELISE A. RUDEN
JAIME SUAREZ
  Deputy City Attorneys


ROCKARD J. DELGADILLO
Attorneys for Plaintiffs Los Angeles City
Attorney and People of the State of California

90073430_2.wpd

COMPLAINT