**Exhibit A**

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: MATTEL, INC., TOY LEAD PAINT
PRODUCTS LIABILITY LITIGATION

MDL No. 1897

## TRANSFER ORDER

**Before the entire Panel**[*]: Defendants Mattel, Inc. (Mattel) and Fisher-Price, Inc., and plaintiffs in three actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California. Plaintiffs in the District of South Carolina action support centralization, but suggest the District of South Carolina as transferee district. Plaintiffs in the Southern District of New York actions support centralization, but suggest the Southern District of New York as transferee district. Plaintiff in the Eastern District of Pennsylvania *Monroe* action opposes the inclusion of her action in MDL No. 1897 proceedings.

This litigation currently consists of eleven actions listed on Schedule A and pending in five districts as follows: five actions in the Central District of California; two actions each in the Southern District of New York and the Eastern District of Pennsylvania; and one action each in the Southern District of Indiana and the District of South Carolina.[1]

On the basis of the papers filed and hearing session held, we find that these eleven actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share questions of fact relating to the production of defendants' toys in China with surface paints that allegedly contain elevated levels of lead and the sale of those toys in the United States. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

The Eastern District of Pennsylvania *Monroe* plaintiff argues that inclusion of her action is not appropriate, because, *inter alia*, her action seeks only medical monitoring. We respectfully disagree. Like *Monroe*, most of the actions before us seek medical monitoring. Centralization under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that ensures streamlined resolution of all actions to the overall

---

[*] Judge Scirica did not participate in the decision of this matter.

[1] The Panel has been notified that seven other related actions have been filed, five in the Central District of California, and one each in the Northern District of California and the District of District of Columbia. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

benefit of the parties and the judiciary.

We are persuaded that the Central District of California is an appropriate transferee forum for this litigation. The first-filed action is pending there. In addition, because defendant Mattel is headquartered within this district, relevant documents and witnesses may be found in the Los Angeles vicinity.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Dale S. Fischer for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen          J. Frederick Motz
Robert L. Miller, Jr.     Kathryn H. Vratil
David R. Hansen           Anthony J. Scirica*

IN RE: MATTEL, INC., TOY LEAD PAINT
PRODUCTS LIABILITY LITIGATION                              MDL No. 1897

## SCHEDULE A

### Central District of California

Ann L. Mayhew, etc. v. Mattel, Inc., et al., C.A. No. 2:07-5126
Nicole B. White, et al. v. Mattel, Inc., et al., C.A. No. 2:07-5366
Adam Luttenberger, etc. v. Mattel, Inc., et al., C.A. No. 2:07-5539
Heather Davis Puerzer, et al. v. Mattel, Inc., et al., C.A. No. 2:07-5661
Nisha Shah v. Fisher-Price, Inc., et al., C.A. No. 2:07-5960

### Southern District of Indiana

Steve Sarjent, et al. v. Fisher-Price, Inc., et al., C.A. No. 1:07-1060

### Southern District of New York

Farrah Shoukry v. Fisher-Price, Inc., et al., C.A. No. 1:07-7182
Seth Goldman v. Fisher-Price, Inc., et al., C.A. No. 1:07-7764

### Eastern District of Pennsylvania

Nydia Monroe, etc. v. Mattel, Inc., C.A. No. 2:07-3410
Jacob Chow, et al. v. Mattel, Inc., et al., C.A. No. 2:07-3741

### District of South Carolina

Daniel S. Hughey, et al. v. Fisher-Price, Inc., et al., C.A. No. 2:07-2930

**Exhibit B**

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888
http://www.jpml.uscourts.gov

January 3, 2008

TO INVOLVED COUNSEL

Re: MDL No. 1897 -- IN RE: Mattel, Inc., Toy Lead Paint Products Liability Litigation

(See Attached CTO-1)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE: January 18, 2008 (4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By /s/
   Deputy Clerk

Attachments

JPML Form 39

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN - 3 2008

FILED
CLERK'S OFFICE

IN RE: MATTEL, INC., TOY LEAD PAINT PRODUCTS
LIABILITY LITIGATION
    Amy Harrington v. Mattel, Inc., et al.,
        N.D. California, C.A. No. 3:07-5110
    Jennifer DiGiacinto v. Mattel, Inc., et al.,
        D. District of Columbia, C.A. No. 1:07-1896

MDL No. 1897

**CONDITIONAL TRANSFER ORDER (CTO-1)**

On December 18, 2007, the Panel transferred six civil actions to the United States District Court for the Central District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ___F.Supp.2d___ (J.P.M.L. 2007). With the consent of that court, all such actions have been assigned to the Honorable Dale S. Fischer.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Central District of California and assigned to Judge Fischer.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Central District of California for the reasons stated in the order of December 18, 2007, and, with the consent of that court, assigned to the Honorable Dale S. Fischer.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Central District of California. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel